**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Morgan WILLIAMSON, Defendant-Appellant.**

No. 72–2239

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F. 2d 409, Part I.

Robert W. Smith, Dallas, Tex. (court appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Williamson was found guilty of unlawful escape from the Federal Correctional Institution, Seagoville, Texas,[1] and sentenced to thirteen months' confinement, the sentence to run consecutively to the sentence he was serving under a previous conviction for a violation of the Dyer Act.[2] He claims that he has been subjected to double jeopardy under the Fifth Amendment because he had already administratively lost "good time" deductions from the term of the earlier sentence. Williamson further complains that the district court erred in refusing to consider his § 2255 motion asserting that the charge of escape arose out of a void judgment entered in the district court of New Mexico and that the judgment of the district court for the Western District of Louisiana revoking his probation was also void. We find Williamson's contentions without merit and affirm.

In Keaveny v. United States, 5 Cir. 1969, 405 F.2d 821, where a similar double jeopardy issue was raised, we

summarily disposed of it saying: "This contention is without merit. Administrative discipline of an escapee does not prohibit criminal prosecution for the escape."

The court below properly refused to consider Williamson's § 2255 motion. The statute clearly provides that a prisoner who desires to collaterally attack his sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." The collateral attack must be filed in the convicting court. Light v. United States, 5 Cir. 1970, 430 F.2d 932; Walker v. United States, 5 Cir. 1970, 429 F.2d 1301.

Affirmed.

1. 18 U.S.C.A. § 751(a).

2. 18 U.S.C.A. §§ 2311–2313.