STATE OF NEBRASKA, APPELLEE, v. JAMES MADDOX, APPELLANT.

208 N. W. 2d 274

Filed June 15, 1973. No. 38879.

T. Clement Gaughan and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

In a criminal prosecution in District Court, defendant pleaded nolo contendere to a charge that on May 13, 1972, he had feloniously escaped from confinement in the Nebraska Penal and Correctional Complex. On October 20 a sentence of imprisonment for 1 year was imposed, such sentence to run consecutively with the sentence he was already serving. On May 15 in an administrative disciplinary proceeding concerning the escape, good time of 11 months and 21 days credited to defendant had been revoked. See § 83-185(2), R. R. S. 1943.

Defendant appeals. He asserts that (1) the sentence ought to have been concurrent and (2) he was placed in double jeopardy by the prosecution in District Court after revocation of his good time.

Defendant had commenced serving the prior sentence

- imprisonment for 15 years - October 1964. He has served more than 8 years, but a long period of imprisonment remains. According to him, disciplinary action caused him to escape.

The offense of escape from confinement is punishable by a maximum fine of $500 or by imprisonment for not less than 1 year nor more than 10 years. § 28-736, R. R. S. 1943. Upon consideration of the presentence report and other circumstances in the present case, we conclude that the consecutive sentence was not excessive. See § 29-2308, R. R. S. 1943.

An administrative disciplinary proceeding in which a prisoner loses good time for escape from confinement does not place him in jeopardy. A subsequent conviction and sentence in a criminal prosecution for the escape do not, therefore, constitute double jeopardy which federal constitutional clauses prohibit. United States v. Williamson, 469 F. 2d 88 (5th Cir., 1972); State v. Williams, 208 Kan. 480, 493 P. 2d 258 (1972); State v. Tise, 283 A. 2d 666 (Me., 1971); State v. Lebo, 129 Vt. 449, 282 A. 2d 804 (1971). The second contention of defendant is without merit.

AFFIRMED.