STATE, Respondent v. WEEKLEY, Appellant

(240 N.W.2d 80)

(File No. 11578. Opinion filed March 25, 1976)

**Earl R. Mettler**, Asst. Atty. Gen., Pierre for plaintiff and respondent; **William J. Janklow**, Atty. Gen., Pierre, on brief.

**Steven W. Sanford**, of **Braithwaite & Cadwell**, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

Appellant appeals from the judgment entered upon his conviction on a charge of escape. We affirm.

Appellant, who was then on trusty status, was discovered to be missing from his assigned location at the state penitentiary at

about 10 p.m., August 13, 1974. He was apprehended approximately one and one-half hours later while walking along South Minnesota Avenue near Interstate 229 in the City of Sioux Falls.

Appellant was charged by penitentiary officials with a violation of Title 18, Rule 23 of the Inmate Rule Book, which states in part, "Absence from any count may result in disciplinary action." Appellant pled guilty to the charge of not being present for count and was ordered to spend five days in isolation by the penitentiary disciplinary board.

Appellant was later charged with escape from the state penitentiary, SDCL 24-12-1, on the basis of the above-described incident and was sentenced to serve an additional year in the state penitentiary upon being found guilty by a jury on that charge.

Appellant, who pled not guilty and not guilty by reason of former conviction, SDCL 23-35-17, contends that the trial court erred in not permitting him to introduce evidence at his trial pursuant to SDCL 23-44-19 to establish his contention that he had already been convicted of the same offense by virtue of the administrative discipline imposed by the penitentiary officials for his violation of Rule 23 of the Inmate Rule Book.

Simply stated, appellant's contention is that he has been twice subjected to jeopardy for a single act — his escape from the penitentiary — in violation of the Fifth Amendment to the United States Constitution (and, presumably, S.D.Const. Art. VI, § 9).

Appellant acknowledges that the contention that prosecution on a state or federal charge of escape is barred by the prior imposition of administrative discipline by prison authorities has been rejected almost out of hand in other jurisdictions. See, e. g., Fano v. Meachum, 1 Cir., 520 F.2d 374; United States v. Stuckey, 3 Cir., 441 F.2d 1104; Keaveny v. United States, 5 Cir., 405 F.2d 821; Pagliaro v. Cox, 8 Cir., 143 F.2d 900; United States v. Salazar, 8 Cir., 505 F.2d 72; Hutchison v. United States, 10 Cir., 450 F.2d 930; Alex v. State, Alaska, 484 P.2d 677; State v. Williams, 208 Kan. 480, 493 P.2d 258; State v. Tise, Me., 283 A.2d 666; Common-

wealth v. Sneed, Mass.App. 322 N.E.2d 435; People v. Bachman, 50 Mich.App. 682, 213 N.W.2d 800; State v. Maddox, 190 Neb. 361, 208 N.W.2d 274; Shuman v. Sheriff of Carson City, Nev., 523 P.2d 841; State v. Lebo, 129 Vt. 449, 282 A.2d 804.

Appellant would have us distinguish these and other similar cases on the ground that by and large the double jeopardy contentions rejected therein have been given no close judicial attention but have been rather summarily rejected on the ground that the administrative discipline imposed following an escape is in the nature of a civil proceeding resulting in a loss of privileges, e.g., the loss of good time or the imposition of isolated confinement.

Appellant contends that he was placed in jeopardy as a result of the action by the penitentiary disciplinary board because (1) he suffered a loss of liberty in that he was removed from trusty status and placed in isolated confinement, and (2) the objective accomplished by the action of the disciplinary board was penal in nature.

In Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346, the United States Supreme Court was faced with the question whether a juvenile who has been the subject of an adjudicatory hearing in juvenile court may later be prosecuted as an adult on a charge based upon the facts that formed the basis of the juvenile court adjudication. In discussing this question, the Court stated:

> "As we have observed, the risk to which the term jeopardy refers is that traditionally associated with 'actions intended to authorize criminal punishment to vindicate public justice.' United States ex rel. Marcus v. Hess, supra, 317 U.S. 537 at 548-549, 63 S.Ct. 379 at 388, 87 L.Ed. 443. Because of its purpose and potential consequences, and the nature and resources of the State, such a proceeding imposes heavy pressures and burdens — psychological, physical, and financial — on a person charged. The purpose of the Double Jeopardy Clause is to require that he be subject to the experience only once 'for the same offense.' See Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199

(1957); Price v. Georgia, 398 U.S. 323 at 331, 90 S.Ct. 1757 at 1762, 26 L.Ed.2d 300; United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971)." 421 U.S. at 529, 95 S.Ct. at 1786, 44 L.Ed.2d at 355.

The Court then went on to hold that because there was no persuasive distinction between an adjudicatory hearing in juvenile court and a traditional criminal prosecution in terms of the anxiety and insecurity engendered and the heavy personal strain imposed upon a juvenile by reason of being subjected to the adjudicatory proceeding, and because both the adjudicatory proceeding and the criminal prosecution are designed to vindicate the very vital interest of the government in enforcing its criminal laws, a juvenile is subjected to jeopardy when the juvenile court begins to hear evidence at an adjudicatory hearing.

█ Measured against the standard enunciated in Breed v. Jones, we conclude that appellant's claim of double jeopardy must fail. Although it may very well be true that appellant and others similarly situated experience some anxiety and insecurity by virtue of being subjected to administrative discipline by penitentiary authorities, it would trivialize the protection afforded by the double jeopardy clause of the state and federal constitutions to hold that it applies in this case to bar prosecution on a state charge of escape. As pointed out in Breed v. Jones, supra, and cases cited therein, the purpose of the double jeopardy clause is to require that a person be subject only once to a criminal proceeding that may result in criminal punishment designed to vindicate public justice. We do not consider administrative discipline imposed by penitentiary officials as constituting that type of proceeding. The administrative discipline imposed by penitentiary officials is designed to serve purposes essential to the orderly administration of the penitentiary. A formal criminal prosecution by the state on a charge of escape, together with the attendant publicity and potentially severe punishment, is designed to vindicate the vital interest that the citizens of this state have in enforcing the law which imposes a sanction for escaping from the penitentiary. True, some of the purposes of the two types of proceedings may overlap, e.g., the deterrent effect the adminstrative and penal sanctions imposed may have upon others who are con-

templating escape; however, other purposes served by the action taken by penitentiary officials, e.g., the necessity of promptly confining a returned escapee in order to maintain security within the institution, may be different from the purposes served by the prosecution on the charge of escape brought in the name of the state. Although appellant argues that the deprivation of liberty resulting from his being confined in isolation did not secure the objectives of preserving order, preventing escape, or rehabilitating an escapee, that is a question committed to the considered judgment of those officials charged with the responsibility of operating the penitentiary. It is for those officials, possessing expertise with respect to the maintenance of order, morale and discipline within a penal institution, to decide whether or not the imposition of administrative sanctions upon a returned escapee is necessary or desirable to further the objectives of maintaining an orderly institution. In saying this, we are aware of the fact that by virtue of an order entered by the United States District Court for the District of South Dakota in the case of Crowe v. Erickson, Civ. No. 72-4101, the officials of the state penitentiary are required to provide an inmate notice of and a hearing on the charges upon which the officials intend to impose administrative discipline upon an inmate in the way of solitary confinement or the withholding of good time. It does not follow, however, that, because penitentiary officials must adhere to the due process requirements expressed in the order before imposing solitary confinement or the loss of good time, such administrative discipline is perforce converted into a criminal proceeding for the purpose of the double jeopardy clause, any more than it would follow that because the state must afford a motorist a hearing before his driver's license is revoked, such revocation proceedings are criminal in nature.

In summary, then, we conclude that in the light of the principles set forth by the United States Supreme Court in Breed v. Jones, supra, the proceedings before the penitentiary disciplinary board and the administrative sanctions imposed by the board upon appellant are not sufficiently analogous to the subsequent criminal proceedings brought against appellant on the charge of escape and the resulting sentence imposed thereon to warrant a holding that appellant was subjected to jeopardy

within the meaning of the state and federal constitution when he was charged with and found guilty of being absent from count.

Appellant also contends that the punishment imposed by the trial court upon his conviction is barred by SDCL 22-6-4, which reads in part:

> "An act or omission which is made punishable in different ways by different provisions of this title, or other penal statute, may be punished under either of such provisions, * * * but in no case can it be punished under more than one, and an acquittal or conviction under either one bars a prosecution for the same act or omission under any other."

Appellant argues that because the rule that he was convicted of having violated was a part of the rules issued pursuant to the authority to prescribe rules and regulations granted to the Board of Charities and Corrections pursuant to SDCL 1-15-20, the rule should be considered in the nature of a penal statute and that therefore the administrative sanctions imposed by the disciplinary board upon him constituted punishment that would bar further punishment on the charge of escape based upon SDCL 24-12-1. SDCL 1-15-20 provides:

> "Such board at any time may prescribe rules and regulations for the discipline and order of any of such institutions and the management thereof, and it shall be the duty of all officers and employees of such institutions to fully comply with all directions and rules or regulations of such board."

SDCL 22-1-3 provides that:

> "A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, one or more of the following punishments:
>
> (1) Death;
> (2) Imprisonment;

(3) Fine;

(4) Removal from office; or

(5) Disqualification to hold and enjoy any office of honor, trust, or profit under this state."

SDCL 22-1-8 provides that, "No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this title or by some other statute of this state."

In the light of SDCL 22-1-3 and 22-1-8, we do not consider the authority granted to the Board of Charities and Corrections by SDCL 1-15-20 as empowering that Board to adopt penal statutes within the meaning of SDCL 22-6-4. Accordingly, we hold that the prior imposition of administrative discipline by the penitentiary disciplinary board does not bar the imposition of punishment on the state charge of escape.

The judgment is affirmed.

DUNN, C. J., and WINANS and COLER, JJ., concur.