Dennis P. GLICK *v.* STATE of Arkansas

CA CR 81-96                          623 S.W. 2d 546

Court of Appeals of Arkansas
Opinion delivered November 12, 1981

*Holmes, Holmes & Trafford,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

Tom Glaze, Judge. Appellant challenges a jury verdict finding him guilty of escape in the second degree. He raises two issues on appeal: (1) He was denied due process and equal protection of the law because the trial court compelled appellant to be tried in his prison uniform over his objections; and (2) He was denied due process rights under the double jeopardy clause when the State tried appellant for escape after appellant had already been subjected to disciplinary action for the same offense by the Arkansas Department of Correction.

The two legal issues argued by appellant are raised for the first time in Arkansas. These arguments have been considered and decided by courts in other jurisdictions and after a review of those decisions, we reject appellant's contentions as to both issues.

In support of his first argument, appellant cites *Estelle v. Williams,* 425 U.S. 501 (1976), wherein the Supreme Court held that the State cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes.[1] The *Estelle*

---

[1] The Supreme Court held further, however, that the accused must make an objection to being tried in such clothing so as to sufficiently negate the presence of compulsion necessary to establish a constitutional violation.

court recognized, however, that the courts have refused to embrace a mechanical rule violating any conviction, regardless of circumstances, where the accused appeared before the jury in prison garb. As an example, the court referred to situations where the accused is tried for an offense committed in confinement or in an attempted escape. The court noted two cases which reflect opposing views where the accused was tried in prison clothes for an offense committed while he was already confined.

In the first case, *United States ex rel. Stahl v. Henderson*, 472 F. 2d 556 (5th Cir.) cert. denied, 411 U.S. 971 (1973), the Court of Appeals declined to overturn a conviction where the defendant, who was tried in jail clothes, was charged with having murdered another inmate while confined in prison. In its holding, the Court of Appeals stated: "No prejudice can result from seeing what is already known." In the second case, *People v. Roman*, 35 N.Y. 2d 978, 365 N.Y.S. 2d 527, 324 N.E. 2d 885 (1975), the New York Court of Appeals held, in effect, that even though the crimes with which the defendant was charged were committed while he was incarcerated, the State could not compel the defendant to be tried in prison attire.

In the instant case, we adopt the rule announced in *Stahl*. At trial, the jury necessarily knew due to the charge and the evidence required to prove the offense that the appellant was a prison inmate at the time of his escape. Moreover, when the appellant took the stand, he agreed expressly and implicitly that he had committed the escape offense. In view of these facts, it is difficult to surmise what prejudice appellant may have suffered because he was required to be tried in his prison clothes.

Next, we consider appellant's second argument that the administrative punishment he received as a result of the escape attempt renders his trial and conviction on review a violation of the Fifth Amendment prohibition of double jeopardy. In sum, appellant argues that the prison board took away his "good time" because of the escape attempt, and if he is additionally tried in court, he will be punished twice for the same offense.

Our courts have never considered this issue, but this same issue has been considered on numerous occasions by courts in other jurisdictions. These courts have consistently and decidedly rejected the double jeopardy argument appellant advances in this appeal. See *Pruitt* v. *State,* 266 S.E. 2d 779 (S.C. 1980); *State* v. *Kjeldahl,* 278 N.W. 2d 58 (Minn. 1979); *State* v. *Weekley,* 90 S.D. 192, 240 N.W. 2d 80 (1976); *Commonwealth* v. *Sneed,* 3 Mass. App. 33, 322 N.E. 2d 435 (1975); *State* v. *Maddox,* 190 Neb. 361, 208 N.W. 2d 274 (1973); *State* v. *Tise,* 283 A. 2d 666 (Me. 1971); *Alex* v. *State,* 484 P. 2d 677 (Alaska 1971); *United States* v. *Hedges,* 458 F. 2d 188 (10th Cir. 1972); and *United States* v. *Williamson,* 469 F. 2d 88 (5th Cir. 1972). In accordance with the decisions reached by the courts in the foregoing jurisdictions, we hold that the prior imposition of administrative discipline by prison authorities does not bar a subsequent criminal prosecution by the State when the offense is both a violation of prison rules and a criminal offense.

Affirmed.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I respectfully dissent from the majority decision in this case as I believe that this case is controlled by *Estelle* v. *Williams,* 425 U.S. 501, 48 L. Ed. 2d 126, 96 S. Ct. 1691 (1976). In that case, the Supreme Court of the United States held that

> . . . the State cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes. . . .

As the majority points out, that rule requires an objection to the requirement of wearing prison clothes, and in the instant case there was an objection. The *Estelle* case also pointed out that all the District Courts and Courts of Appeals had not followed a mechanical rule vitiating any such conviction, and had allowed defendants to stand trial in prison garb in essentially two cases; first, where they did not object, since it might have been a defense tactic designed to elicit sympathy from the jury; and second, where a

defendant was being tried for an offense committed while in confinement. In the instant case, there was an objection, but appellant was being tried for an offense committed while in prison, i.e., escape from the Arkansas Department of Corrections. I fail to see how the second exception justifies compelling a defendant to stand trial in prison clothes. While it may be relevant, and even an essential element of the State's case, to prove that a defendant was a prisoner at the time of the commission of the crime (as in escape cases), his status *at the time of trial* is not relevant. Requiring Glick to stand trial in prison clothes did not, as the majority suggests, involve telling the jury something that was already known. What the jury knew was that Glick was alleged to have escaped from a correctional facility at an earlier time, and they had to know that to consider the case. What the jury was shown, additionally, and unnecessarily, was that Glick was still (or again) a prisoner. I believe that his constitutional rights were violated by requiring him to stand trial in prison clothes for the same reasons as stated by the Arkansas Supreme Court in *Miller* v. *State*, 249 Ark. 3, 457 S.W. 2d 848 (1970), as it quoted from 21 Am. Jur. 2d Criminal Law, § 239:

> Since the defendant, pending and during the trial, is still presumed innocent, he is entitled to be brought before the court with the appearance, dignity, and self-respect of a free and innocent man, except as the necessary safety and decorum of the court may otherwise require. He is therefore entitled to wear civilian clothes rather than prison clothing at his trial. It is improper to bring him into the presence of the jury which is to try him, or the venire from which his trial jury will be drawn, clothed as a convict.

Our law provides Glick with the presumption of innocence, but the majority opinion allows the State to show to the jury a man who is obviously not innocent; a man who is a prisoner of the State at the time of his trial. His status at the time of trial is not relevant; his required appearance before the jury in prison clothes was inherently prejudicial, and therefore I would reverse and remand for a new trial.