Lonnie DUDLEY *v.* STATE of Arkansas

CR 85-13                                    685 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered March 4, 1985

Pro Se Petition to Proceed in the Circuit Court of Lincoln County pursuant to Criminal Procedure Rule 37; denied.

Appellant, *pro se*.

*Steve Clark*, Att'y Gen., by: *Michael E. Wheeler*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Lonnie W. Dudley stabbed a fellow inmate at Cummins Prison and was subsequently convicted by a jury of first degree battery, Ark. Stat. Ann. § 41-1601 (1977). He was sentenced as an habitual offender with five prior felony convictions to a term of thirty years imprisonment in the Arkansas Department of Correction. The Court of Appeals affirmed. *Dudley* v. *State*, CA CR 83-21 (September 21, 1983). Petitioner seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the grounds of ineffective assistance of counsel and the failure of the trial court to raise *sua sponte* the issue of his sanity.

Petitioner was examined before trial by the Southeast Mental Health Center and found competent. He contends now that he was not competent to stand trial and was mentally ill before, during and after the stabbing. He alleges that if counsel had investigated, he would have found evidence of his long history of mental illness and proof that he was under the influence of a drug when he stabbed the inmate. Petitioner argues that counsel should have put the evidence of his insanity before the jury even though he was found legally competent when examined at the mental health center.

Petitioner called several witnesses at trial to testify that he was watching television when the crime occurred. The main point of this petition appears to be that counsel should have employed an insanity defense instead of the alibi strategy which proved unsuccessful. If the question is one of mere trial strategy, then petitioner has stated no ground for granting postconviction relief. Questions of trial strategy are matters of professional judgment about which experienced advocates could engage in endless debate. As a result, such questions are not cognizable under Rule 37. *Leasure* v *State*, 254 Ark. 961, 497 S.W.2d 1 (1973).

Petitioner suggests, however, that counsel's conduct was unreasonable and therefore should be considered

fundamentally unsound representation. Petitioner lists witnesses who could have testified to his history of mental illness, drug use at the time of the offense and his general incompetence to stand trial, implying that an insanity defense was the only real choice open to counsel.

The United States Supreme Court has provided guidelines for assessing attorney performance in the area of investigation of a defense. These guidelines are applicable to petitioner's case.

> [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. *Strickland* v. *Washington,* ___ U.S. ___, 104 S. Ct. 2052 (1984).

In light of the psychiatric report finding petitioner legally competent, petitioner has failed to overcome the presumption that counsel's decision to employ an alibi amounted to other than a reasonable professional judgment. The mere fact that an accused might have raised the question of mental competence at trial does not entitle him to a new trial or a hearing pursuant to Rule 37.

The allegation that the trial court should have injected the question of petitioner's sanity into the proceedings and given an instruction on insanity as a defense is without merit. While a trial court should be alert to circumstances suggesting that an accused is not competent to stand trial, *Drope* v. *Missouri,* 420 U.S. 162 (1975), there is nothing in the petition before us to show that the court had any reason to question the petitioner's competence.

After trial, counsel filed a motion to be relieved and a brief pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), stating there was no merit to the appeal of the judgment.

Petitioner's final assertion of ineffective assistance of counsel is that filing a "no merit" brief is tantamount to ineffective assistance. He contends that counsel should have raised on appeal the issues presented in this petition.

The decision to file an *Anders* brief is a matter of professional judgment. Counsel, not the appellant, must decide whether the issues raised at trial are meritorious. *See Jones* v. *Barnes,* ___ U.S. ___, 103 S. Ct. 3308 (1983). Moreover, the sanity issue was not raised at trial and could not have been reviewed on appeal. If there were other issues which appellant wished to raise on appeal, he had the opportunity to raise them himself since he was informed of his right to file a brief in accordance with Supreme Court Rule 11 (h) but did not do so.

Petition denied.