Dennis GLICK *v.* STATE of Arkansas

CR 84-56                                    689 S.W.2d 559

Supreme Court of Arkansas
Opinion delivered May 20, 1985

134

Appellant, pro se.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Dennis Glick was found guilty by a jury of first degree escape, kidnapping and theft of property. He was sentenced as a habitual offender with eleven prior felony convictions to terms of 20 years, life and 20 years respectively. We affirmed the judgments and convictions but set aside an order which had held that the sentences were to be served consecutive to other sentences which petitioner was already serving. *Glick v. State*, 283 Ark. 412, 677 S.W.2d 844 (1984). Petitioner now

seeks permission to proceed in circuit court for postconviction relief pursuant to Ark. R. Crim. P. 37. He also requests at public expense a copy of the transcript of his trial. This Court denied a motion for transcript in this case on March 11, 1985, because petitioner did not demonstrate a compelling need for a transcript. Petitioner has not established a compelling need in this petition.

■ Petitioner contends that the trial court erred in allowing him to be tried over counsel's objection in the white uniform of a prison inmate. We first note that the issue which was raised at trial could have been raised on appeal, but was not. A question not argued in accordance with the controlling rule of procedure is waived, unless it is so fundamental as to render the judgment of conviction absolutely void. *Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983). Petitioner, who was an inmate at Cummins Prison at the time of the escape, was charged with escaping from guards who had taken him from the prison to a medical clinic, stealing their guns and taking an employee of the clinic hostage. The fact of petitioner's incarceration in state prison was fully revealed to the jury in the course of testimony about the offenses. Petitioner's conviction was not made void by the mere fact that his attire revealed something the jury already knew. *See Glick* v. *State*, 3 Ark. App. 175, 623 S.W.2d 546 (1981) (citing *United States ex rel. Stahl* v. *Henderson*, 472 F.2d 556 (5th Cir.) cert. denied, 411 U.S. 971 (1973)). Petitioner also contends that counsel should have objected to guards standing near him during the trial. Petitioner who was being tried for escape had been convicted of another escape in 1981. He was considered a high security risk, and the presence of the guards under the circumstances does not demonstrate that their presence was so obtrusive and prejudicial as to deny petitioner a fair trial.

■ Petitioner alleges that it was error for the trial court to engage in off-the-record conferences at the bench. All discussions between court and counsel occurring during trial that pertain to substantive matters involving the trial should be recorded. As we said in *Fountain* v. *State*, 269 Ark. 454, 456, 601 S.W.2d 862 (1980):

> While it is the responsibility of the trial court to see that a fair and adequate record of a trial is preserved, counsel must be diligent and responsible in seeing that one is made. "The complete transcript is of crucial importance

for a meaningful review of both the appellate court and to new counsel on appeal." *State* v. *Green*, 129 N.J. Super, 157, 322 A. 2d 495, 499 (1974). All bench conferences and in chambers conferences should be "on the record" unless they involve matters unrelated to the current trial, in which case, a note to that effect may be made.

While the record does indicate that at least two off-the-record conferences were held during petitioner's trial, petitioner has not alleged that anything occurred during the conferences which was prejudicial to him. A petitioner is not entitled to postconviction relief without a showing of prejudice sufficient to deny him a fair trial. *Perry* v. *State*, 279 Ark. 213, 650 S.W.2d 240 (1983).

In a third assertion of error by the trial court, petitioner argues that it was wrong to use prior convictions which were pending on different "judicial levels" as proof of his being a habitual offender. The issue is also one which could have been raised at trial; but, in any event, the argument has no merit. There are several challenges to a conviction which may be made by a convicted defendant, including direct appeal, a petition under Rule 37, and federal habeas corpus petitions. As the Court of Appeals recently noted, not using a felony conviction for enhancement purposes until every possible remedy was exhausted would result in the rare application of the habitual offender statutes. *Hill* v. *State*, 13 Ark. App. 307, 683 S.W.2d 628 (1985). For the purpose of sentence enhancement, a conviction is final when judgment is pronounced.

Petitioner also contends that his prior convictions for burglary and theft of property should have been considered a single felony conviction and that some of the other prior convictions should also have been consolidated because they occurred as part of one course of conduct. Ark. Stat. Ann. § 41-1001(3) (Supp. 1983) provides that a conviction of burglary and the felony that was the object of the burglary shall be considered a single felony conviction for the purpose of habitual offender sentencing. It appears from the record that the convictions of burglary and theft of property entered against petitioner on April 8, 1981, were counted as separate felonies. The error was not one which denied petitioner a fair sentencing proceeding, however, since the maximum enhancement of sentence applies to defendants convicted of at least four or more felonies and does not

increase regardless of the number of felonies above four. Ark. Stat. Ann. § 41-1001 (2) (Supp. 1983). Petitioner's claim that the other prior convictions should have been consolidated is not supported by the record. Petitioner was found to have been convicted of six separate counts of rape, burglary and theft of property (which were subject to consolidation as noted above), aggravated robbery, another count of theft of property and escape. The mere fact that some of the offenses may have been committed in one escapade does not make them one crime. *Swaite v. State*, 272 Ark. 128, 612 S.W.2d 307 (1981). Furthermore, Rule 37 was not designed as a means to relitigate the merits of the convictions used to enhance a sentence.

In a related allegation, petitioner contends that counsel should have objected to his being convicted in the instant case of escape, theft of property and kidnapping because the three offenses occurred in one criminal episode. Petitioner has not demonstrated that there was any basis for an objection. Petitioner handcuffed the men guarding him, stole two guns and then forced a woman to drive him to Little Rock. The elements of each offense were distinct in nature and could be proven independently.

If the defendant shows by a preponderance of the evidence that the victim was released alive and in a safe place prior to trial, a charge of kidnapping may be reduced on proper motion from a Y to a class B felony. Ark. Stat. Ann. § 41-1702 (2) (Supp. 1983). Petitioner alleges that counsel was ineffective in that he did not establish that the victim in this case was released unharmed in a safe place, ask that the charge be reduced and request a jury instruction on false imprisonment as a lesser included offense of kidnapping. To prevail on an allegation of ineffective assistance of counsel, a petitioner has the heavy burden of establishing that the conduct of counsel prejudiced him so as to undermine the proper functioning of the adversarial process. *Strickland* v. *Washington*, ___ U.S. ___, 104 S. Ct. 2052 (1984). The object of a review of a claim of ineffective assistance of counsel is to determine whether there was actual prejudice which denied the petitioner a fair trial. *Isom* v. *State*, 294 Ark. 426, 682 S.W.2d 755 (1985). Petitioner has not shown that he was denied a fair trial. The victim in this case was taken hostage to facilitate petitioner's escape in violation of Ark. Stat. Ann. § 41-1702(1)(b)(c), the statute which defines the offense of kidnapping. The victim was released unharmed, but only after the

police closed in on the car she and petitioner were in. Since petitioner has offered nothing in this petition to show that there was any rational basis for the jury to find him guilty of a lesser included offense or to reduce the charge to a class B felony, he has not established that counsel's conduct prejudiced him.

At the request of counsel, petitioner was evaluated by psychiatrists at the Arkansas State Hospital. The doctors' report indicated that petitioner was aware of the charges and proceedings against him and capable of cooperating effectively with counsel. The report further indicated that petitioner at the time of the commission of the offenses did not lack the capacity to appreciate the criminality of his conduct and conform his conduct to the requirements of the law. Petitioner contends that the results of the evaluation should have prompted counsel to request a sanity hearing and ask that a psychiatrist be appointed for the defense. In light of the evaluation which found petitioner fit to proceed and competent at the time of the offenses and petitioner's failure to provide any proof in this petition of grounds for a sanity hearing or appointment of a defense psychiatrist, we cannot say that counsel should have pursued an insanity defense. The mere fact that a petitioner might have mounted such a defense is not proof that counsel was ineffective for not doing so. *Dudley* v. *State*, 285 Ark. 160, 685 S.W.2d 170 (1985).

Petitioner states that counsel interrupted the court while a discussion was in progress about petitioner's motion for mistrial. It is not clear at what point in the trial the interruption occurred or how petitioner was prejudiced by it. Allegations with no factual substantiation and a showing of prejudice do not warrant postconviction relief. *Jeffers* v. *State*, 280 Ark. 458, 658 S.W.2d 869 (1983).

Finally, petitioner complains that counsel did not present to this Court on appeal all the objections made at trial. As he does not say what issues were meritorious and has not advanced in this petition any ground on which we could conclude that he suffered any prejudice, the allegation is not entitled to further consideration under Rule 37. *See Jones* v. *Barnes*, 457 U.S. 1104 (1983).

Petition denied.