Brenda BURNETT *v.* STATE of Arkansas

CR 85-44 737 S.W.2d 631

Supreme Court of Arkansas
Opinion delivered October 12, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y

Gen., for appellee.

PER CURIAM. ■ The petitioner Brenda Burnett and her husband, Larry Burnett, were convicted of the first degree murder of their thirteen month old son, Larry Burnett, Jr., and sentenced to life imprisonment. We affirmed the convictions in *Burnett* v. *State*, 287 Ark. 158, 697 S.W.2d 95 (1985). Brenda Burnett filed a petition for postconviction relief pursuant to Criminal Procedure Rule 37. The petitioner's allegations chiefly attack her trial counsel's performance. She has filed an amendment to the petition claiming that in light of our decision in *Midgett* v. *State*, 292 Ark. 278, 729 S.W.2d 410 (1987), which overruled *Burnett* v. *State, supra*, to the extent it was inconsistent, she should be granted postconviction relief. The issue is whether Ark. R. Crim. P. 37.1 prescribes relief for one whose conviction has been affirmed in an opinion that has since, to some extent, been overruled. We hold that our decision in *Midgett* does not provide a basis for postconviction relief for the petitioner.

■ In *Midgett* we pointed out that in *Burnett* we had failed to give a reason to infer premeditation and deliberation from the circumstances. We expressly overruled the portions of *Burnett* which were inconsistent with our holding in *Midgett*. Our opinion in *Midgett* does no more with respect to the *Burnett* case than declare that we erred in finding sufficient facts to support the conclusion that the Burnetts acted with premeditation and deliberation. The petitioner's claim is a direct attack on her conviction, and it does not fall within any of the grounds for relief cognizable under Rule 37. *Swisher* v. *State*, 257 Ark. 24, 514 S.W.2d 218 (1974).

The petitioner also alleges that she did not receive effective assistance of counsel. She claims that Joy Knapp, a frequent babysitter for Larry, Jr., admitted to the prosecutor several days before trial that the child's stomach was injured when one of the older children "fell in the middle of Junior," either on May 5th, 6th, and 7th. Larry died on May 11th. The petitioner argues that her counsel did not properly cross-examine Joy Knapp at trial to bring the statement out. She also alleges that a doctor said at a hearing, presumably before the petitioner's trial, that the victim's injury could have occurred two weeks before his death, and that counsel did not properly cross-examine the doctor at trial. The

petitioner also claims that counsel prepared no "discernible defense." The petitioner has not met the burden of establishing ineffective assistance of counsel with those allegations.

A claim of ineffective assistance of counsel must be examined in light of the criteria set out in *Strickland* v. *Washington*, 466 U.S. 668 (1984). In *Strickland*, the court held that the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. To prove ineffective assistance of counsel under the *Strickland* standard, petitioner must show that counsel's performance was deficient in that counsel made an error so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. Both showings are necessary before it can be said that the conviction resulted in a breakdown in the adversarial process which rendered the result unreliable. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner has the burden of overcoming that presumption by identifying specific acts and omissions of counsel which when viewed from counsel's perspective at the time of trial could not have been the result of reasonable professional judgment. Even if counsel's conduct is shown to be professionally unreasonable, the judgment must stand, unless the petitioner demonstrates that the error had a prejudicial effect on the actual outcome of the proceeding. A reasonable probability that but for counsel's conduct the result of the proceeding would have been different, is a probability sufficient to undermine confidence in the outcome. *Strickland* v. *Washington, supra; see also Pruett* v. *State*, 287 Ark. 124, 697 S.W.2d 872 (1985).

Counsel here elicited testimony from a number of witnesses that the child had fallen several times, had been bitten by another child and could have been subjected to rough treatment by playmates. He also called a doctor and dentist in an effort to prove that the child's injuries were not the result of abuse. The defendant is not entitled to have every possible witness testify, and the fact that a petitioner can allude to other potential

witnesses is not in itself proof of counsel's incompetence. *Tackett v. State*, 284 Ark. 211, 680 S.W.2d 696 (1984). The petitioner has offered nothing to show that the omission of any evidence from his trial created prejudice so pronounced as to have deprived him of a fair trial whose outcome cannot be relied on as just.

 The petitioner also claims that there was prosecutorial misconduct in that the prosecutor did not disclose Knapp's statement until just a few days before trial. This is an issue that could have been raised at trial. When an issue could have been raised on appeal, it is not a basis for a collateral attack under Rule 37 unless it presents a question so fundamental as to render the judgment of conviction absolutely void. *Swindler v. State*, 272 Ark. 340, 617 S.W.2d 1 (1981). A ground sufficient to void a conviction is one so basic that the judgment is a complete nullity. *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985). The petitioner alludes to no proof that the prosecution deliberately withheld the statement. Furthermore, the defense presented evidence that the child could have been hurt by playmates. The allegation does not present an issue sufficient to render the conviction void.

The petitioner also alleges that trial counsel did not allow the necessary time to prepare for the trial. She bases this allegation primarily on the fact that counsel's motion for a continuance was denied. The evidence given in support of the allegation consists of the failures noted above with regard to examination of witnesses and lack of a meaningful defense. Again, there is no merit to the allegations.

The petitioner alleges that in opening and closing arguments the prosecutor stated erroneous facts to the jury. The arguments are not in the transcript. The only statement the petitioner recalls is this one which she says was part of the State's closing argument:

> This is a case about two people that deliberately, over a period of weeks or months, proceeded to murder their thirteen-month-old son. We've shown how Brenda Burnett took the baby to Little Rock to the hospital instead of Conway which was closer causing a further delay in getting aid to the sick child. He went from being a normal, healthy child to being undernourished, neglected, and badly abused.

■ The petitioner gives no other factual support for her allegations with regard to the arguments. The petitioner has not made the slightest showing of prejudice. The burden is on the petitioner to provide facts to support his claims of prejudice. *Jones v. State*, 283 Ark. 363, 767 S.W.2d 738 (1984).

■ The petitioner claims her counsel was ineffective for failing to ask for a psychiatric evaluation. She states that her counsel and the prosecutor knew she had a nervous breakdown in late 1983. The petitioner who asserts her incompetence to stand trial for the first time in a petition for postconviction relief has the heavy burden of demonstrating with facts that she was not competent at the time of trial. The mere fact that she can document a history of mental illness or show that counsel could have argued incompetence, but chose not to do so, does not in itself entitle the petitioner to a new trial under Rule 37. *Henry v. State*, 288 Ark. 592, 708 S.W.2d 88 (1986).

■ The petitioner alleges that she was ineffectively represented on appeal. The allegation merely states counsel only appealed eleven points, that none were important, and that counsel did not present the facts to the court for the proper review. These conclusory allegations are not enough to show that counsel failed to raise some possibly meritorious issue. An attorney need not advance every argument urged by his client. *See Jones v. Barnes*, 457 U.S. 1104 (1982).

The petitioner makes several claims that were raised and disposed of on appeal. She alleges that she was denied a fair trial when the trial court refused to grant her request for a bill of particulars; that she was prejudiced by pretrial publicity and by the denial of a change of venue; and that the graphic photographs released to the news media and used at trial denied her a fair trial. Rule 37 does not provide an opportunity to reargue points settled on appeal. *Swindler v. State, supra.*

The petitioner alleges that the trial court erred when it excluded testimony of two witnesses for the defense on the ground that their testimony was hearsay and gave incomplete and misleading instructions to the jury on lesser included offenses to first degree murder. The petitioner also argues that the verdict forms were vague and that statements she made to the police during a pre-arrest interview should have been suppressed be-

cause she had not been informed of her constitutional rights under *Miranda* v. *Arizona*, 384 U.S. 436 (1966), prior to questioning. We find none of the allegations to be a ground for relief under Rule 37.

Each of the assertions constitutes a direct attack on the conviction which is not within the purview of our postconviction rule. Rule 37 affords a remedy when a sentence in a case was imposed in violation of the Constitution of the United States or this state or "is otherwise subject to collateral attack." *Swisher* v. *State, supra.* The rule was not designed to permit a review of mere error in the conduct of the trial, and it is not a substitute for raising issues in the trial court in accordance with proper procedure. *Clark* v. *State*, 255 Ark. 13, 498 S.W.2d 657 (1973). The issues raised by petitioner were either raised, or could have been raised, at trial and subsequently on appeal. The issues raised by the petitioner are not sufficient to establish that the judgment is void.

Finally, the petitioner claims that she should have been allowed access to the prosecutor's files and that had she had that information, she could have presented a proper defense. Moreover she states that the prosecutor continues to refuse to give her copies. This is merely reargument of questions of the failure of her counsel to present a defense and of the prosecutor's withholding of Joy Knapp's statement. We find no merit to this point.

The petitioner asks for a copy of the transcript, files, records and docket sheets pertaining to her trial to enable her to "further prepare and amend" her petition. She states that these items contain exculpatory information, but she does not say what the exculpatory information is or why a copy of the record is necessary to amend the petition. The mere fact that a petitioner is indigent does not entitle her to a copy of the trial record at public expense. *Washington* v. *State*, 270 Ark. 840, 606 S.W.2d 365 (1980). Before a motion for transcript will be granted, the petitioner must show that she has some reasonably compelling need for specific documentary evidence to support a particular ground for relief. *See Chavez* v *Sigler*, 438 F.2d 890 (8th Cir. 1971). The petitioner has not established a need for any specific documentary evidence.

Petition and motions denied.

HICKMAN, J., concurs.

PURTLE, J., dissents.

DARRELL HICKMAN, Justice, concurring. I believe the majority opinion in *Midgett* v. *State*, 292 Ark. 278, 729 S.W.2d 410 (1987), held that murder in the first degree could not be committed by "child abuse" regardless of the evidence.

I agree with the result reached but sympathize with the petitioner who will not comprehend how she can be guilty when the decision in her case has been overturned. She must seek relief in the federal courts or through clemency proceedings.

JOHN I. PURTLE, Justice, dissenting. Petitioner seeks permission from this Court to proceed in the trial court pursuant to Rule 37. She relies on our decision in *Midgett* v. *State*, 292 Ark. 278, 729 S.W.2d 410 (1987), in which we admitted error in our holding in *Burnett* v. *State*, 287 Ark. 158, 697 S.W.2d 95 (1985), because in *Burnett* we failed to state any reason to infer premeditation and deliberation from the circumstances. Petitioner is understandably concerned because she was the appellant in the *Burnett* decision.

The question presented is whether the petitioner should receive the same consideration we gave to the appellant in *Midgett*, which was decided after her case was affirmed. This is a question of first impression. There is no other avenue for relief that I know of which petitioner has available. Certainly the basis of this petition could not have been pursued on direct appeal nor may she proceed directly in the trial court without the permission of this Court.

I believe this is a matter which should be considered under Rule 37. Therefore, I would grant the petition to proceed in the trial court.