Charles E. PENNINGTON *v.* STATE of Arkansas

CR 87-131                                          741 S.W.2d 266

Supreme Court of Arkansas
Opinion delivered December 21, 1987

186

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This case involves a Rule 37 proceeding in which the appellant's application for correction of illegal sentence was denied by the trial court. Appellant raises two arguments on appeal: 1) he was denied effective assistance of counsel, and 2) the state failed to honor his plea agreement. We affirm.

Appellant was charged with a total of seven counts of burglary and seven counts of theft of property. In return for the state recommending that he be sentenced for twenty years for burglary and five years for theft of property, the appellant pleaded guilty to all the charges. The sentences were to be served concurrently with each other and consecutively to a prior sentence which arose out of charges in Lincoln County. On February 13, 1987, appellant filed an application for correction of illegal sentence. In his application, appellant claimed that he was misinformed about what act would control the computation of his parole eligibility. His parole eligibility was computed in accordance with Act 825 of 1983, and appellant alleges that he had been informed that the computation would be done under Act 93 of 1977.

According to the appellant, his attorney committed error by misinforming him about which act would control his parole eligibility. In his second point, he argues that the state failed to abide by the plea agreement and that failure resulted in the appellant serving an additional three years when calculating his eligibility for parole. The basis for both of the appellant's arguments on appeal is that he was misinformed about the calculation of his parole eligibility.

In reviewing appellant's first point, a claim of ineffective assistance of counsel must be examined in the light of the criteria set out in *Strickland* v. *Washington,* 466 U.S. 668 (1984). *See Burnett* v. *State,* 293 Ark. 300, 737 S.W.2d 631 (1987). The *Strickland* standard requires a showing that: 1) so serious an error was made that the attorney was not functioning as the "counsel" guaranteed by the sixth amendment, and 2) the counsel's deficient performance deprived the petitioner of a fair trial. There must be a showing that in all reasonable probability the outcome would have been different but for the counsel's conduct. *Burnett,* 293 Ark. at 304. The appellant failed to state that he would not have pleaded guilty if he had been correctly informed about his parole eligibility, thus he has failed to show he was prejudiced in any way under the *Strickland* standard. *See also Haywood* v. *State,* 288 Ark. 266, 704 S.W.2d 168 (1986).

The appellant is correct in his contention that if the state does not live up to its end of the plea agreement, he must be allowed to withdraw his guilty plea. *See Williams* v. *State,* 272 Ark. 207, 613 S.W.2d 94 (1981). However, the appellant has failed to demonstrate to this court how the state has failed to abide by the plea agreement. According to the appellant's argument, the only complaint about his sentence is the amount of time he will have to serve before becoming eligible for parole. This court has cited *Hill* v. *Lockhart,* 474 U.S. 52 (1985), for the proposition that the United States Constitution does not require the state to furnish the defendant with information about parole eligibility in order for the defendant's plea to be voluntary. *Haywood,* 288 Ark. 266, 704 S.W.2d 168. Accordingly, the plea agreement made no mention of parole eligibility. We therefore affirm the trial court's decision denying appellant's petition for post-conviction relief.