Bobbi Lynn HOWARD *v.* STATE of Arkansas

CR 89-165                                        783 S.W.2d 61

Supreme Court of Arkansas
Opinion delivered February 5, 1990

*Allen & O'Hern,* by: *Arthur L. Allen,* for appellant.

*Steve Clark,* Att'y Gen., by: *R.B. Friedlander,* Solicitor General, for appellee.

OTIS H. TURNER, Justice. ■ This appeal is from the denial of a Rule 37 petition in which the appellant alleges, as a basis for relief, ineffective assistance of counsel. In order to prevail, the appellant must show that legal counsel's performance was deficient and that the deficiency was such that she suffered prejudice to the extent that she was deprived of the opportunity of a fair trial. *Strickland* v. *Washington,* 466 U.S. 668 (1984). Due to the unusual circumstances existing in this case, we are persuaded that the appellant's counsel was ineffective to the extent that the petition for relief should have been granted.

Bobbi Lynn Mitchell (now Howard) was, along with her then-husband, charged with kidnapping, rape, aggravated robbery, and theft of property arising out of an extraordinarily brutal series of events. As a result of her guilty pleas, made upon recommendation of her counsel and without any plea bargaining, she was sentenced to twenty years on the kidnapping charge and forty years on the rape charge, with the terms to run consecutively. In addition, she was sentenced to twenty years on the

aggravated robbery count and to four years for theft of property, both to run concurrently with the kidnapping and rape charges.

The appellant subsequently filed a motion to set aside the plea, which the trial court denied. Thereafter, this Rule 37 petition was filed, and from its denial comes this appeal.

Upon her arrest, the appellant retained an attorney of her own choosing— the same attorney she had employed in a recent domestic relations matter. It would serve no useful purpose to recite her all of the details, except to say that the appellant's attorney, admittedly relying on outdated Arkansas statutes, convinced his client that, upon her plea of guilty, the court would possibly impose sentence under the provisions of the Alternative Service Act, Ark. Code Ann. §§ 16-93-501 to -510 (1987 & Supp. 1989); that all or a portion of her sentence would likely be suspended; and that there was a reasonable possibility that she would not have to spend more than ninety days in prison before being released on parole.

However, three of the four charges to which the appellant pled guilty are class Y felonies, and suspension of sentence or probation would not be available. Ark. Code Ann. § 5-4-301(a)(1) (1987); *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Legal counsel admitted, at both the hearing to set aside the guilty pleas and the hearing on the Rule 37 petition, that at the time he advised the appellant he was unaware of the current statutory restrictions on sentencing and parole.

The erroneous advice of legal counsel, standing alone, would be sufficient to establish the first prong of the *Strickland* test—the deficiency of legal counsel's performance. However, those facts would not necessarily constitute prejudice justifying the granting of the relief sought.

But here, the record reveals that during the period of representation by her attorney, the appellant was undergoing psychiatric counseling, experiencing a problem with alcohol abuse, and finally, having sexual relations with her lawyer, both at his office and elsewhere.

In light of these facts, we are convinced that the extraordinary influence by the appellant's attorney, to her prejudice, proved instrumental in her entering a guilty plea. That

plea should be set aside.

Reversed and remanded.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. I respectfully dissent. The majority opinion holds that mere error by counsel in giving advice to a defendant is sufficient to establish that counsel's performance was deficient. In doing so, it dilutes the test in *Strickland* v. *Washington*, 466 U.S. 668 (1984), for determining ineffective assistance of counsel.

The *Strickland* court held that a guilty plea is attended by a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and that, if an error was made by the attorney, it must be one of such *seriousness* that the defendant was denied a fair proceeding, the outcome of which can be considered reliable. We have consistently followed *Strickland* in all cases where a collateral attack was made on a judgment by means of an allegation of ineffective assistance of counsel, including those cases where the alleged error by counsel concerned advice on parole eligibility. *Pennington* v. *State*, 294 Ark. 185, 741 S.W.2d 266 (1987); *Garmon* v. *State*, 290 Ark. 371, 719 S.W.2d 699 (1986); *Haywood* v. *State*, 288 Ark. 266, 704 S.W.2d 168 (1986).

An error in counsel's advice to the defendant which does not interfere with the defendant's ability to voluntarily and intelligently choose to plead guilty is not enough to establish that counsel's performance was deficient. But, even if it can be said that a serious error was made in this case in counsel's advice on parole eligibility, a claim of prejudice must be supported by facts which the trial judge as trier of fact finds credible.

Here, the defendant signed the plea agreement, and subsequently testified that she listened closely when the trial judge went over the agreement with her. She further testified that the court explained to her the range of penalties on each count. Nevertheless, petitioner now contends that she was relying entirely on counsel's promise that she would not serve an extended sentence. The trial court, however, found her testimony unworthy of belief. This court should affirm the trial court's findings as they were not clearly erroneous. *Williams* v. *State*, 272 Ark. 98, 612

S.W.2d 115 (1981). The court's failure to do so breaks with all precedent this court has handed down when ruling on a petitioner's claim that she or he erroneously relied on counsel's advice concerning parole eligibility.

Unfortunately, counsel, in this case, had an inappropriate relationship with his client at the time he represented her. Counsel's misbehavior has affected, I think wrongfully, this court's decision. While counsel's relationship with petitioner is an appropriate subject matter for the Committee on Professional Conduct, this court's review should focus on counsel's legal conduct and whether there was factual substantiation to establish prejudice to the petitioner.

The court's decision today reduces the petitioner's burden of proof for establishing that counsel's performance was deficient and discounts the trial court's findings on the witness's credibility, a factor of great significance in this case. It will also, I believe, foster claims of ineffective assistance of counsel grounded on simple mistakes or indiscretions by counsel which are not central to the decision to admit guilt. In this way, the stability of pleas of guilt will be undermined.

I would affirm.