UNITED STATES of America ex rel.
Alfred STAHL, Petitioner-
Appellant,

v.

C. Murray HENDERSON, Warden,
Louisiana State Penitentiary,
Respondent-Appellee.

No. 72–3013

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1973.

As Corrected Feb. 2, 1973.

Certiorari Denied May 7, 1973.
See 93 S.Ct. 2166.

Alfred Stahl, pro se.

William Gustè, Atty. Gen., Baton Rouge, La., Sam J. Dileo, Jr., Baton Rouge, La., L. J. Hymel, Jr., Asst. Atty. Gen., Special Counsel, Baton Rouge, La., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Alfred Stahl, a prisoner of the State of Louisiana, has appealed from the district court's denial of his habeas corpus petition. We affirm.

Stahl, represented by three court-appointed counsel, was convicted upon trial by jury of murdering a fellow inmate at Angola Prison. He received a life sentence on February 28, 1958, the jury having returned a verdict of guilty without capital punishment. On direct appeal the judgment was affirmed. State v. Stahl, 1959, 236 La. 362, 107 So.2d 670.

Stahl was denied habeas relief by the Twentieth Judicial District Court of West Feliciana Parish, after an evidentiary hearing. Similar relief was denied by the Louisiana Supreme Court. State ex rel. Stahl v. Henderson, 1971, 260 La. 130, 255 So.2d 354.

In his federal habeas petition, Stahl contends that he is entitled to relief on grounds of (1) being forced to trial in handcuffs, shackles, and a restraining belt, with armed guards in the courtroom; (2) being put to trial wearing his striped prison uniform which bore his number and prison nickname; and (3) being represented by ineffective counsel.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

The state trial court, after an evidentiary hearing, and the district court, on review of the state transcript, held that the security measures taken with regard to Stahl were justified by his potential dangerousness. We agree. The record clearly refutes Stahl's argument that there was an abuse of discretion by the trial judge in permitting the use of restraining devices. *See* United States v. Bankston, 5 Cir. 1970, 424 F.2d 714; McCoy v. Wainwright, 5 Cir. 1968, 396 F.2d 818; Gregory v. United States, 8 Cir. 1966, 365 F.2d 203, cert. denied, 1967, 385 U.S. 1029, 87 S.Ct. 759, 17 L. Ed.2d 676; Odell v. Hudspeth, 10 Cir. 1951, 189 F.2d 300.

Stahl's complaint of being tried in prison garb, if indeed he was, gives us little pause. He was on trial for the murder of a fellow inmate in the Louisiana State Prison where prison garb was Stahl's normal attire. The jury necessarily knew that he was a prison inmate both at the time that he was alleged to have committed the crime and at the time of his trial. No prejudice can result from seeing that which is already known. Stahl's reliance on Hernandez v. Beto, 5 Cir. 1971, 443 F.2d 634, cert. denied, 404 U.S. 897, 92 S.Ct. 201, 30 L. Ed.2d 174, is misplaced. There, the defendant, unable to make bond, was incarcerated while awaiting trial. He was subsequently tried in prison garb. We held that the defendant and his attorney had the burden to make known that the defendant desired to be tried in civilian clothes before the state could be accountable for his being tried in jail clothes, and that in the factual context of that case he had met his burden. Thus the trial in prison garb obviously impinged upon his presumption of innocence.

In Dennis v. Dees, E.D.La.1968, 278 F.Supp. 354, also relied on by Stahl, the district court primarily found an abuse of discretion by the trial judge in permitting an unusual and unnecessary show of force in the courtroom. Insofar as its holding may be in conflict with what we have said *sub judice* it is disapproved.

Stahl makes a conclusionary allegation in his petition that his counsel was ineffective. There is an affirmative showing made in the state trial record supporting the district court's finding that Stahl's counsel were able and defended him vigorously. The judgment is

Affirmed.