Eddie R. WHITTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–84–0218–CR.

Court of Appeals of Texas,
Tyler.

Nov. 27, 1985.

Charles L. Carter, Crockett, for appellant.

Don Gordon, Dist. Atty., Crockett, for appellee.

COLLEY, Justice.

Eddie R. Whitten, an inmate of the Eastham Unit of the Texas Department of Corrections, was convicted by a jury of aggravated assault on a prison guard.[1] The trial judge assessed his punishment at three years' confinement. Whitten complains that (1) he was compelled to stand trial in a prison uniform; (2) numerous prospective jurors summoned for his trial were either

---

1. Under Tex.Penal Code Ann. § 22.02(a)(2)(A)  (Vernon Supp.1985).

excused before the voir dire examination was conducted or were absent at roll call, and as a consequence he was required to accept five jurors "that he would not have had to consider—" if all jurors subpoenaed had been required to be present for jury selection; (3) the court erred in overruling his motion to quash the indictment; (4) the court erred in permitting a State's witness to testify; (5) the court erred in overruling his plea of jeopardy; and (6) the evidence is insufficient to sustain his conviction. We affirm.

The evidence shows the following facts and events germane to our disposition of the grounds of error.

On May 24, 1984, Whitten struck Albert L. Mangum, a correctional officer, in the chest with his fist. At the time of the assault Mangum was in uniform. Whitten's trial testimony raised the issue of self-defense which was submitted to the jury who rejected it. Several correctional officers testified that Whitten's attack on Mangum was unprovoked. One such witness, Donald E. Jones, testified that he observed Whitten "yelling very loud [sic] at Officer Mangum." When Jones was asked by the prosecutor, "yelling at Officer *Bert* Mangum?," Jones answered, "[t]hat's right." The evidence demonstrates that Mangum suffered pain as a result of the assault made by Whitten although Mangum was not incapacitated by the blows to his chest. Whitten stated to the jury that he was a prisoner in the Eastham Unit of the Texas Department of Corrections serving a sentence for a burglary. Whitten was brought into the courtroom for trial before the jury panel in his prison uniform. At that time Whitten's counsel made a motion for mistrial on the ground that:

> Whitten has been brought into court in the convict white uniform with his name clearly showing he is a convict. And I feel that would prejudice all the jury panel against him. It has tainted the whole jury panel and we need to start over again with him dressed in civilian clothes. And I request that he be dressed in civilian clothes.

The trial judge overruled the motion for mistrial. Whitten does not contend that he made a pretrial request to be allowed to wear regular clothing during his trial or that he made any pretrial objection to being brought before the jury panel and put to trial in a prison uniform. The record affirmatively shows that no such request or objections were made.

■ Whitten argues under his first ground of error that he was compelled to stand trial in the prison garb and that such dress constituted an "infringement of his [right to a] presumption of innocence," citing, *inter alia, Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), and *Ephraim v. State*, 471 S.W.2d 798 (Tex.Cr.App.1971).

> The Supreme Court in *Williams* says: The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment.... The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice. Long ago this court stated: 'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.' *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481, 491 (1895).

425 U.S. at 503, 96 S.Ct. at 1692. That court went on to admonish courts to "be alert" and protect the principle "that guilt is to be established by probative evidence and beyond a reasonable doubt" and to not allow defendants to go to trial in prison or jail clothing "because of the possible impairment of the presumption so basic to the adversary system." However, Mr. Chief Justice Burger is careful to point out in his opinion that where "the accused is being tried for an offense committed in confinement ... courts have refused to find error in the practice.," citing *United States et rel. Stahl v. Henderson*, 472 F.2d 556 (5th Cir.1973), *cert. denied*, 411 U.S. 971, 93 S.Ct. 2166, 36 L.Ed.2d 694 (1973). In that

case, Stahl, a state prisoner of Louisiana, sought federal habeas relief, contending *inter alia* that he was "forced" to stand trial in a striped prison uniform bearing his prison nickname while restrained by handcuffs and shackles "with armed guards in the courtroom; ...." In a *per curiam* opinion the 5th Circuit Court of Appeals stated:

Stahl's complaint of being tried in prison garb ... gives us little pause. He was on trial for the murder of a fellow inmate in the Louisiana State Prison where prison garb was Stahl's normal attire. The jury necessarily knew that he was a prison inmate both at the time that he was alleged to have committed the crime and at the time of his trial. No prejudice can result from seeing that which is already known.

472 F.2d 557. In *Williams*, 425 U.S. at 512–513, 96 S.Ct. at 1697, the court made it clear that:

Although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation.

In the case before us, Whitten obviously was aware at the time he was transported from the correctional unit to the courthouse in Palestine to stand trial that he was dressed in his prison uniform. His lawyer must have known such fact. Yet neither Whitten nor his lawyer made a request to the trial judge that Whitten be permitted to dress in "civilian clothes." Neither did they make any objections to his attire until he was brought before the jury panel. The Fifth Circuit has held: "A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error." *Hernandez v. Beto*, 443 F.2d 634, 637 (5th Cir.1971); *see also* note 4, *Williams*, 425 U.S. at 510, 96 S.Ct. at 1696. The sequence of events strongly suggests that Whitten's appearance before the jury

panel for voir dire in his prison uniform was contrived. Under these circumstances we perceive no compulsion by the trial judge, and hence no error. *Williams*, 425 U.S. 509, 96 S.Ct. at 1695. Moreover, since Whitten was indicted under Section 22.-02(a)(2)(A) for aggravated assault while confined in prison, and the State was required to prove that the assault was made against a "guard employed ... by the Texas Department of Corrections ... while the ... guard [was] lawfully discharging an official duty; ...," the jury was bound to know that Whitten was a prisoner of the Department of Corrections at the time of trial. Hence no prejudice resulted to him because of his dress. *Williams*, 425 U.S. at 507, 96 S.Ct. at 1694; *Stahl*, 472 F.2d at 557. Whitten's first ground of error is overruled.

■ Next, Whitten ostensibly seeks reversal because the court did not require the roll call of the panel members to be reported. However, we understand ground two to complain also that thirty-five prospective jurors were excused before the voir dire examination began, and that on roll call, twenty-one additional jurors were absent though unexcused. Whitten argues under this ground that because of the absence of such jurors, "[he] was required to take" five jurors "that he would not have had to consider ... if every juror subpoenaed was [sic] present." In support of this ground Whitten cites but a single case, *Welch v. State*, 373 S.W.2d 497 (Tex.Cr.App.1963). This decision does not support the ground. The record here does not reveal whether the thirty-five jurors were excused by the court or by the clerk. Furthermore, Whitten did not request attachment on the absent jurors. The jury was selected from a list of forty-three. The trial judge excused three prospective jurors, leaving thirty-five on the list subject to peremptory challenges. All five of the complained of jurors were within the first thirty-five on the list. Whitten, in the exercise of his ten peremptory challenges, failed to strike any one of the five jurors he now complains were unacceptable to him. He also failed

to request additional peremptory challenges. For these reasons, the ground is overruled.

■ In his third ground of error, Whitten urges us to hold that the trial court erred in overruling his motion to quash the indictment on the ground that he was deprived of an examining trial before a magistrate under TEX.CODE CRIM.PROC. ANN. art. 16.01. Whitten admits that the law is against him on the point and invites us to change the law. We must decline the invitation. The ground of error is overruled.

■ Under his fourth ground of error, Whitten alleges that the trial court erred in permitting State's witness, Robert Lacy, Jr., to testify because Lacy was not named as a State's witness at a pretrial discovery hearing conducted on November 5, 1984. Whitten has not furnished as a part of the record the transcript of the pretrial hearing. Therefore, the ground is not supported by the record. Furthermore, Whitten made no objection to Lacy's testimony either outside or within the hearing of the jury at the time of trial. Nothing is preserved for review; the ground is overruled.

Whitten filed a plea claiming former jeopardy, contending that he was punished by the disciplinary committee of the Eastham Unit for the same conduct for which he went to trial in this case. This contention has already been answered adversely to Whitten by our Court of Criminal Appeals in 1973. See *McKinney v. State*, 491 S.W.2d 404, 407–408 (Tex.Cr.App.1973). *See also Feltrin v. State*, 627 S.W.2d 813, 814 (Tex.App.—Waco 1982, no pet.).

■ Finally, Whitten argues that the evidence is insufficient to support his conviction. Under this ground he makes three principal arguments. First, he contends that there is no evidence to establish that he "intentionally and knowingly" assaulted Mangum. Second, he argues that the evidence is insufficient to prove that he caused bodily injury to Mangum; and third, he alleges that the proof was at fatal variance with the allegations in the indictment.

The allegation in pertinent part reads as follows:

[That Whitten did then and there] intentionally and knowingly cause[d] bodily injury to Bert Mangum by striking him in the chest with his fist and the said Bert Mangum was then and there a prison guard in the lawful discharge of his official duty and the said defendant had been informed and knew Bert Mangum was a prison guard.

As earlier noted in the opinion, Officer Mangum stated on direct examination that his name was Al*bert* L. Mangum, Jr. He did not testify that he was also known as Bert Mangum. However, as above recited, the State's witness, Donald E. Jones, testified in effect that Mangum was also called Bert Mangum. It has long been the law in Texas that where the victim of an offense is shown by the evidence as being known or called by two or more given names and the indictment or charging instrument uses one of such names to identify him, no fatal variance is presented. *McClendon v. State*, 509 S.W.2d 851, 852–853 (Tex.Cr. App.1974); *Johnson v. State*, 126 Tex.Cr.R. 356, 71 S.W.2d 280 (1934). While the testimony is admittedly scant, we conclude that it is sufficient to show that Albert L. Mangum was also known or called by the name Bert Mangum. Our overall review of the evidence, considering it in a light most favorable to the verdict, persuades us that reasonable jurors could find that each element of the offense alleged against Whitten was proved beyond a reasonable doubt. Ground six is overruled. The judgment of the trial court is affirmed.