STATE OF NEBRASKA, APPELLEE, v. DOUGLAS E. SORICH, APPELLANT.

412 N.W.2d 484

Filed September 18, 1987. No. 86-979.

Thomas M. Kenney, Douglas County Public Defender, and Cathy K. Bashner, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Pursuant to a verdict, defendant-appellant, Douglas E. Sorich, was adjudged guilty of escape in violation of Neb. Rev. Stat. § 28-912(1) (Reissue 1985). He was thereafter sentenced to imprisonment for a period of 1 year. In his appeal to this court, he assigns as error, through his attorney, the district court's failure to declare a mistrial because he was displayed to the jury "wearing identifiable jail clothes." In addition, Sorich, on his own behalf, apparently asks that we reverse his conviction and dismiss the charge for a variety of other reasons. We affirm.

As the result of a prior felony conviction, Sorich was incarcerated, assigned to a work release program, and employed as a printing press operator in Omaha. Sorich was informed of the limitations on his movements while in the program and on March 11, 1986, signed a "Community Release Program Agreement and Honor Pledge," which recites in part:

I understand that:

1) Extended limits shall mean the Post Care Center to which I am assigned and its immediate area;

2) Extended limits shall also mean the most direct route to and from my place of employment/school and the assigned Post Care Center;

3) Extended limits shall include those areas necessary in the course of my normal employment/studies and those areas which have been authorized by Program personnel.

I have been advised and understand that failure to

remain within the extended limits as hereinabove set forth may be deemed as ESCAPE from custody and may be prosecuted to the fullest extent of applicable state law.
(Emphasis omitted.)

Nonetheless, on the evening of May 19, 1986, Sorich failed to return to the center after work and was accordingly listed as an escapee. He was continuously absent until 10:10 p.m. on June 1, 1986, when he voluntarily returned to the center. Sorich was thereupon placed under arrest, and trial on this escape charge followed.

After Sorich, through his attorney, had informed the court there was no objection to his being tried while wearing prison clothing, the attorney, sometime before conducting his voir dire examination of the venirepersons empaneled for the case, moved for a mistrial on the ground that requiring Sorich to stand trial in "his jail garb," an "orange jumpsuit," would unfairly prejudice his cause. In overruling the motion the court questioned the timeliness of the motion and observed that, in any event, the nature of the charge was such that the State, to be successful, would have to prove that at the time Sorich absented himself from the center, he was incarcerated for having committed a felony.

Indeed, a stipulation to that effect was entered into by Sorich and the State and put before the jury. Further, Sorich took the stand in his own defense and admitted that he was at that time incarcerated for having committed a felony, specifically, theft by deception.

Relying on *People v. Shaw*, 381 Mich. 467, 164 N.W.2d 7 (1969), Sorich urges that when an incarcerated criminal defendant makes a timely request to be tried in civilian clothing, the request must be granted. While we agree such should be the general rule, we must observe that when such a defendant is charged with escape, no prejudice results from trying the defendant while he or she is wearing jail clothing. As noted in *United States ex rel. Stahl v. Henderson*, 472 F.2d 556 (5th Cir. 1973), *cert. denied* 411 U.S. 971, 93 S. Ct. 2166, 36 L. Ed. 2d 694, no prejudice can result from seeing that which is already known. See, also, *Estelle v. Williams*, 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976). Thus, assuming, but not

deciding, that Sorich's motion for mistrial was timely made and properly raised the issue of his dress, denial of the motion was not prejudicially erroneous in this case.

On his own behalf Sorich also appears to claim that the lower court erred in overruling his motions to dismiss the escape charge on a number of grounds which may be summarized as claiming that (1) he was unlawfully singled out for prosecution; (2) there was no "escape" within the meaning of § 28-912(1); (3) he had no "intent" to escape; (4) he was "privileged" to escape; (5) his attorney was ineffective; (6) § 28-912(1) is unconstitutionally vague and overbroad, thereby depriving him of due process and equal protection of the laws; (7) he was deprived of his privilege against self-incrimination; and (8) his sentence is excessive and subjects him to double jeopardy. The record fails to support any of those claims.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.