Bobby GREEN, Appellant,

v.

The STATE of Texas, State.

No. 2-90-317-CR.

Court of Appeals of Texas,
Fort Worth.

May 20, 1992.

Stephen L. Hale, Denton, for appellant.

Bruce Isaacks, David C. Colley, Dist. Attys., Denton, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

---

## OPINION

**PER CURIAM.**

Appellant, Bobby Green, appeals his conviction by a jury of the offense of aggravated sexual assault of a child. *See* TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). The punishment assessed by the jury was ten years in prison and a $500.00 fine. In his sole point of error, appellant contends the trial court erred in overruling his motion for new trial after there was testimony jurors saw him in jail clothes, handcuffs and shackles.

We overrule the point of error and affirm the conviction.

As appellant does not challenge the sufficiency of the evidence, we need not address the details of the offense. After the jury found appellant "guilty" on September 18, 1990, the punishment phase of the trial began. When both sides rested that afternoon, the court dismissed the jury overnight so the charge could be prepared and had appellant arrested and put in the custody of the Denton County Sheriff. The next morning, appellant's counsel requested permission to re-open to allow the jury to hear the testimony of appellant's employer. The jury heard the testimony and closing arguments and then retired for deliberations. The jury verdict on punishment was confinement for ten years, although the State had asked for a punishment range of sixteen to fifty years.

The alleged error occurred on the morning of September 19, 1990, when appellant was brought back from jail for the final jury arguments. Deputies believed he was being brought for sentencing and did not allow him to dress in street clothes. The jury was not then in the courtroom. The judge immediately ordered the defendant to be taken back to jail and dressed in street clothes. One juror testified at the hearing on the motion for new trial that she and some other jurors saw appellant walk down the hall past the room where the jurors were, and that he was wearing jail clothing, handcuffs and shackles. The juror also testified no juror mentioned those facts during deliberations and that seeing the defendant dressed in jail clothing and restraints did not affect their verdict.

We note that the statement of facts of the trial itself is silent on the incident. There is no mention of it at all in the record at trial. There is no objection raised, and no request that the jury be instructed that they were to make no inferences against the defendant based upon his clothing or the presence of restraints. *Estelle v. Williams*, 425 U.S. 501, 508–10, 96 S.Ct. 1691, 1694–96, 48 L.Ed.2d 126, 133–34 (1976); *Whitten v. State*, 711 S.W.2d 661, 663 (Tex.App.—Tyler 1985, no pet.). Appellant presents no statement nor argument of how he was harmed by some members of the jury viewing him in restraints.

The Texas Court of Criminal Appeals has held such incidents are not reversible error per se nor automatically require a mistrial. *Clark v. State*, 717 S.W.2d 910, 919 (Tex. Crim.App.1986); *Hernandez v. State*, 805 S.W.2d 409, 414–15 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). The Federal courts agree: "We have consistently held that a brief and fortuitous encounter of the defendant in handcuffs by jurors is not prejudicial and requires an affirmative showing of prejudice by the defendant." *Wright v. Texas*, 533 F.2d 185, 187 (5th Cir.1976). The juror who testified at the hearing on the Motion for New Trial testified the brief viewing did not affect their deliberations. The jury had already found appellant guilty, and thereafter assessed a punishment significantly lower than that asked for by the State.

In *Hernandez*, the court distinguishes those cases in which the jury sees the defendant *outside the courtroom* in shackles and jail clothing from those in which the defendant is forced to appear *in the courtroom before the jury* in such attire. *Hernandez*, 805 S.W.2d at 415. There being no showing of harm, appellant's sole point of error is overruled.

Judgment of the court below is affirmed.