

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00065-CR
_____


BRENT ELLIS ERICKSON, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 20669



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A Fannin County jury found Brent Ellis Erickson guilty of attempted indecency with a child. *See* TEX. PENAL CODE ANN. § 15.01 (Vernon 2003) (defining criminal attempt), § 21.11 (Vernon 2003) (defining crime of indecency with a child). The victim, Erickson's stepdaughter, was eighteen years of age at the time of trial, but she was only twelve or thirteen when the crime occurred. The trial court assessed Erickson's punishment at ten years' imprisonment and a fine of $10,000.00.[1] Erickson now appeals, raising two issues. For the reasons set forth below, we overrule both issues and affirm the trial court's judgment.

## I.     Admission of the Extraneous Offense

In his first issue, Erickson contends the trial court erred by admitting evidence (over Erickson's objection) of a recorded interview conducted by Lubbock police officials. We review a trial court's admission or exclusion of extraneous offense evidence for abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court's evidentiary ruling will not be disturbed on appeal as long as that ruling falls within the zone of reasonable disagreement. *Id.*; *Blackwell v. State*, 193 S.W.3d 1, 8–9 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

A trial court may not admit evidence concerning an extraneous criminal offense merely for the purpose of showing the accused's propensity to commit crime. TEX. R. EVID. 404(b); *see also*

---

[1]The trial court did not subsequently suspend Erickson's sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a), (e) (Vernon Supp. 2007) (permitting trial court to grant community supervision if sentence does not exceed ten years).

*Mayes v. State*, 816 S.W.2d 79, 86 (Tex. Crim. App. 1991); *Williams v. State*, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983). However, evidence about an extraneous criminal offense may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." TEX. R. EVID. 404(b); *Mayes*, 816 S.W.2d at 86; *see Williams*, 662 S.W.2d at 346. Extraneous-offense evidence may further be admitted to rebut a defensive theory. *Abshire v. State*, 62 S.W.3d 857, 860 (Tex. App.—Texarkana 2001, pet. ref'd).

"If an objection is made to extraneous offense evidence under Rule 404(b), the proponent of the evidence must persuade the trial court that the evidence has relevance apart from character conformity . . . ." *Id.* "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses*, 105 S.W.3d at 627. The case at bar illustrates a somewhat troubling conflict facing the trial court in ruling on the admission of evidence of prior extraneous offenses, particularly those involving the sexual abuse of a child. Clearly, the inference which may be drawn by the jury is that this evidence is likely to show a pattern of conduct and that "if he did it once before, then he probably did it again," an inference which can be heavily prejudicial. However, an appellate court owes no less deference to the trial court in making this decision of relevancy apart from character conformity than the reviewing court affords the trial court in making any other relevancy determinations. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

3

Erickson's first appellate issue complains of the trial court's decision to admit State's Exhibit 4, a voice-recorded interview lasting six minutes and fifty-eight seconds. During this interview, Erickson confessed to officers with the Lubbock, Texas, police department, that in January 2006, he had sexually assaulted an eight-year-old Nolan County girl (a victim separate from the one relevant to Erickson's conviction now on appeal before this Court).[2]

The State argued before the trial court, as it does again now on appeal, that this extraneous-offense evidence was admissible to show Erickson acted knowingly and intentionally, and with intent to arouse or gratify his sexual desire with respect to the Fannin County crime alleged to have occurred five years earlier. The State correctly notes that intent is an essential element of the crime of attempted indecency with a child. *See* TEX. PENAL CODE ANN. § 15.01(a). The State suggests Erickson's criminal intent "could not be inferred solely from his acts" on the date in question because Erickson had claimed elsewhere that he was merely trying to give the victim in this case a hug and that any touching of the victim's breast was merely accidental. Additionally, the record shows Erickson's defense strategy was that he lacked any intent to commit the crime at issue, and the record further demonstrates Erickson first raised this issue in his opening remarks to the jury (before any evidence was presented by the State). More specifically, Erickson's counsel told the jury that the

---

[2]This prior assault on a child had some cogent similarities to the one for which Erickson was being tried. In both circumstances: (1) the victim was a prepubescent female, (2) the abuse occurred in the child's home while the custodial parent was absent, (3) Erickson was in a parental or adult authority figure role, (4) the abuse came under the guise of discipline of the victim, and (5) the abuse involved fondling or touching.

central issue in the case would be "not whether [Erickson] tried to give [the victim] a hug, [but] whether he was doing this for sexual gratification." Erickson's counsel also argued in his opening statement (made prior to the presentation of *any* evidence):

> Now, the questions that you will have at the end of this case are, did Mr. Erickson actually touch the breasts of [the victim]? It's possible. I'm going to give you that. Did he do it for sexual gratification? The answer is absolutely no. And if there was a touching, could it have been accidental and not for the purpose of sexual gratification?
> After you hear the evidence in this case, there is only one conclusion you can come to and that conclusion is that Mr. Erickson is not guilty of what the State says he did.

During the presentation of evidence and on cross-examination, Erickson asked Lisa Scamp, the State's first witness and an outcry witness, whether she had seen Erickson physically or sexually assault the victim. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon 2005) (creating statutory exception to hearsay rule for child outcries). Scamp replied that she did not personally witness Erickson commit any assault against the victim. The purpose of this line of questioning was clearly to suggest the alleged assault was a fiction of the victim's design to cause harm to her stepfather, Erickson.

In *Wheeler v. State*, 67 S.W.3d 879, 886–89 (Tex. Crim. App. 2002), Judge Cochran, writing for a majority of the Texas Court of Criminal Appeals, reviewed a conviction for aggravated sexual assault in which the State had brought forth evidence of other molestations committed by the appellant. Judge Cochran noted that Wheeler's opening statement to the jury had outlined a theory of lack of opportunity for Wheeler to have committed the crime. *Id.* at 887 n.21 (citing favorably

5

this Court's decision in *Abshire*). However, the defense had also introduced testimony from several witnesses that Wheeler lacked any opportunity to commit the crime, and such evidence was presented *before* the State proffered the extraneous-offense evidence at issue in that case. *Id.* The *Wheeler* court noted, "Because numerous witnesses testified to appellant's lack of opportunity to sexually molest S.E., the rebuttal testimony by S.S. provided, at a minimum, the 'small nudge' towards contradicting appellant's defensive theories and towards proving that the molestation did indeed occur." *Id.* at 888 (footnote omitted). In conclusion, the court held that the trial court did not abuse its discretion by admitting the extraneous-offense evidence. *Id.* at 888–89.

In *Powell v. State*, the defendant had, during his opening statement, set forth a defensive theory that the alleged molestation did not occur because others were present in the room at the time of the alleged offense. 63 S.W.3d 435, 436 (Tex. Crim. App. 2001). This defensive theory was also presented during Powell's cross-examination of the victim. *Id.* The prosecution then countered Powell's attempts to negate the State's evidence by presenting, during its case-in-chief, four witnesses who testified that Powell had molested them "under circumstances almost identical to those of the charged offense." *Id.* at 437. On reviewing Powell's claim that the trial court had abused its discretion by admitting the extraneous-offense evidence, this State's highest criminal court concluded the trial court "could have reasonably decided that the extraneous offense evidence at issue had noncharacter conformity relevance where it rebutted appellant's defensive theory that he had no opportunity to commit the offense because he was never alone with the complainant." *Id.* at 438.

6

The majority opinion, authored by Judge Hervey, then went further and expressly disagreed with Judge Johnson's concurring opinion that an opening statement can never serve to "open the door" to the State's use of Rule 404(b) evidence in its case-in-chief. *Id.* at 439–40 (citing *United States v. Bari*, 750 F.2d 1169, 1180 (2nd Cir. 1984); *United States v. Price*, 617 F.2d 455, 459–60 (7th Cir. 1979); *United States v. Olsen*, 589 F.2d 351, 352 (8th Cir. 1978)).

This Court has previously held that a defendant's opening statement can by itself "open the door" to Rule 404(b) evidence. *Jones v. State*, No. 06-07-00088-CR, 2007 Tex. App. LEXIS 9490, at *6 (Tex. App.—Texarkana Dec. 5, 2007, no pet.) (designated for publication). Two other intermediate appellate courts of this State have reached a similar conclusion, although both have done so in unpublished opinions. *See Aranda v. State*, No. 13-03-00302-CR, 2004 Tex. App. LEXIS 10370, at *3–4 (Tex. App.—Corpus Christi Nov. 18, 2004, no pet.) (mem. op., not designated for publication); *Guzman v. State*, No. 13-03-00303-CR, 2004 Tex. App. LEXIS 7693, at *6–8 (Tex. App.—Corpus Christi Aug. 24, 2004, no pet.) (mem. op., not designated for publication); *McDowell v. State*, No. 05-02-00542-CR, 2002 Tex. App. LEXIS 8191, at *2–3 (Tex. App.—Dallas Nov. 20, 2002, pet. ref'd) (not designated for publication). Other courts (including our own, at times) have been more cautious, concluding that a defendant's opening statement might open the door, but such decisions appear to have also included situations wherein the defendant vigorously cross-examined the government's witnesses in furtherance of that defensive theory and such evidence came before the jury *before* the prosecution brought forth the additional extraneous-offense evidence. *See, e.g.*,

*Price*, 617 F.2d at 459–60; *Morales v. State*, 222 S.W.3d 134, 147–48 (Tex. App.—Corpus Christi 2006, no pet.); *Phillips v. State*, No. 06-06-00018-CR, 2006 Tex. App. LEXIS 10622, at *12–16 (Tex. App.—Texarkana Dec. 14, 2006, no pet.) (mem. op., not designated for publication); *Thomas v. State*, No. 05-03-01445-CR, 2004 Tex. App. LEXIS 6448, at *4–5 (Tex. App.—Dallas July 20, 2004, no pet.) (not designated for publication); *and cf. Booker v. State*, No. 02-02-00119-CR, 2003 Tex. App. LEXIS 9248, at *16–22 (Tex. App.—Dallas Oct. 30, 2003, no pet.) (not designated for publication) (noting State had argued that appellant opened door to extraneous evidence via opening statement as well as vigorous cross-examination of witness, but court avoided issue by finding that appellant was not harmed without necessarily deciding extraneous admission was error); *Mattox v. State*, No. 06-01-00212-CR, 2003 Tex. App. LEXIS 9007, at *2–11 (Tex. App.—Texarkana Oct. 23, 2003, no pet.) (not designated for publication) (counsel's opening statement, cross-examination of victim, and defendant's own testimony espousing a lack of opportunity defensive theory supported trial court's decision to admit extraneous-offense evidence); *Keen v. State*, 85 S.W.3d 405, 412–15 (Tex. App.—Tyler 2002, pet. ref'd) (counsel's opening statement and vigorous cross-examination of victim regarding defensive theory opened door for State to seek admission of extraneous offense).

Erickson's case does not require us to hold that a defendant's opening statement, standing alone, may justify admission of Rule 404(b) evidence to refute an outlined defensive strategy. This is because, in addition to outlining (during his opening statement) a defensive theory about the lack of intent, Erickson pursued an attack on the State's evidence via cross-examination that furthered this

8

previously-outlined defensive strategy. Only thereafter did the State seek admission of the at-issue Rule 404(b) evidence in this case. The two considerations of Erickson's cross-examination and his opening statement combined to provide the trial court with a reasonable justification to admit the State's nearly seven-minute videotaped Rule 404(b) evidence as part of a strategy to rebut Erickson's defensive strategy regarding a lack of intent to commit the crime then on trial. No abuse of discretion is apparent from the appellate record.

We overrule Erickson's first point of error.

## II.    Jail Clothing

In his second point of error, Erickson contends the trial court erred by permitting the State to show an hour-long videotaped interview[3] of Erickson by law enforcement officers; during the interview, Erickson is clad in distinctive orange- and white-striped prisoner overalls. Erickson objected to the State playing the videotape at trial on the basis that the videotape's visual depiction of Erickson wearing jail clothes violated his right to due process by impinging on his right to be presumed by the jury to be innocent. The trial court overruled Erickson's objection, permitted the State to play the videotape, and instructed the jury (prior to publication of the videotape) that the fact Erickson was arrested or otherwise confined for the alleged crime should not be seen by the jury as providing an inference of guilt.[4] On appeal, Erickson attempts to equate (a) allowing the jury to

---

[3]The State and Erickson had previously agreed to redact certain audio portions of the confession.

[4]A similar instruction appeared in the trial court's written jury charge.

watch a one-hour videotaped interview of him dressed in jail clothes with (b) forcing him to wear jail clothing throughout the entirety of his trial. The briefing by Erickson is skeletal on this point, barely sufficient to raise the issue. Erickson has made no effort in his appellate brief to demonstrate that the alleged error is not harmless. In fact, Erickson's appellate brief contains absolutely no harm analysis or any suggestion of the type of harm analysis which should be applied.

It is generally inappropriate to compel a criminal defendant to stand trial in prison clothes. *Estelle v. Williams*, 425 U.S. 501, 504 (1976). Doing so deprives the defendant of the right to be presumed innocent. *Randle v. State*, 826 S.W.2d 943, 945 (Tex. Crim. App. 1992). However, briefly seeing the accused in handcuffs or other jail clothing does not automatically create a reversible error. *Green v. State*, 829 S.W.2d 938, 939 (Tex. App.—Fort Worth 1992, no pet.) (per curium) (momentary hallway glimpse of accused in jail clothes did not necessitate mistrial); *see also Wright v. Texas*, 533 F.2d 185, 187 (5th Cir. 1976) ("We have consistently held that a brief and fortuitous encounter of the defendant in handcuffs by jurors is not prejudicial and requires an affirmative showing of prejudice by the defendant."). Nor does the fact that a jury sees some photographic evidence that the accused was once dressed in jail clothes necessarily create error. *Hollis v. State*, 219 S.W.3d 446 (Tex. App.—Austin 2007, no pet.) (introduction of a mug shot of an accused dressed in jail clothing, taken at time of arrest, is not error).

In this case, Erickson was not required to wear jail clothes at any point during the trial; rather, the only opportunity during which the jury was allowed to view him in jail garb was on the

approximately one-hour-long videotaped interview. The trial lasted four days and during that entire period of time, Erickson was present before the jury, wearing a suit. The jury was certainly aware that he had been charged with a major felony and it is common knowledge that people who are similarly charged often spend at least a certain amount of time in jail; there is nothing in the showing of this videotape to suggest that Erickson remained incarcerated for any lengthy period of time. We cannot say that playing a one-hour videotaped interview in which Erickson appears in jail clothes even closely approximates being compelled to wear jail clothes in the jury's presence for the entirety of a four-day trial. To further safeguard against the possibility that members of the jury might infer that the videotaped interview showing Erickson dressed in jail clothes might taint their presumption of innocence, the trial court admonished the jury correctly that it should not; even if it had been error to admit the videotape of Erickson wearing jail clothes into evidence, the admonishments and instructions provided by the court sufficiently cured any such error. Therefore, we need not—and do not—presume that the trial court abused its discretion by admitting the complained-of evidence in this case. Beyond a reasonable doubt, under the circumstances of this trial, the showing of the videotape of Erickson did not impinge on his constitutionally-protected presumption of innocence. Having no basis for a finding of error in having permitted the jury to view the videotape, we need not engage in any harm analysis. *See* Tex. R. App. P. 44.2(a).

11

**Conclusion**

For the reasons stated, we overrule Erickson's points of error and affirm the trial court's judgment.

                                    Bailey C. Moseley
                                    Justice

Date Submitted:     January 10, 2008
Date Decided:       February 15, 2008

Do Not Publish