[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10720
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cv-00086-MTT-MSH

KEVIN WEST,

Plaintiff - Appellant,

versus

SERGEANT TEMPLE,
Dooly State Prison,
NATHAN TURNER,
CERT Team Officer, Dooly State Prison,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 13, 2019)

Before BRANCH, DUBINA and JULIE CARNES, Circuit Judges.

PER CURIAM:

This is an appeal from a district court's judgment entered following a jury verdict in a case brought by inmate Kevin West ("West") against correctional officers Derrick Temple ("Temple") and Nathan Turner ("Turner") (also referred to as "defendants") for use of excessive force.  The district court denied summary judgment for the defendants, and the case proceeded to trial.  The issues presented on appeal come verbatim from West's brief:

1.  Did the district court plainly err when leaving Mr. West in restraints before the jury without giving any process to determine if the restraints were necessary and without trying to minimize the restraints' impact?

2.  Did the district court abuse its discretion when making a record of, and attempting to remedy, the excused juror's misconduct?

3.  Did the district court abuse its discretion when refusing to appoint counsel to help Mr. West present his excessive-force claim?

(Appellant Br., p. 1.)

## I.

Because West did not preserve his first issue on appeal, we review it for plain error only.  *S.E.C. v. Diversified Corporate Consulting Group*, 378 F.3d 1219, 1227 (11th Cir. 2004).  "To find plain error, there must be: (1) error, (2) that is plain, and (3) that has affected the defendant's substantial rights."  *United States v. Kahn*, 794 F.3d 1288, 1300 (11th Cir. 2015) (quoting *United States v. Edmond*,

2

780 F.3d 1126, 1130 (11th Cir. 2015)).  If we find that these conditions are met, "we may exercise our discretion to recognize a forfeited error, 'but only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam) (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993) (alteration in original)).

Specifically, West argues that he should not have been required to appear before the jury in restraints.  After reviewing the record and reading the parties briefs, we conclude the district court did not plainly err in allowing West to be kept in restraints because of the security concerns involved and the facts of the case. Additionally, we conclude West was not prejudiced by appearing in front of the jury in restraints because the instant case involved an allegation that the defendants used excessive force against West while he was in restraints.  West presented a video showing him in restraints to support his claim against Temple and Turner that he posed no threat to them because of the restraints, and they used excessive force on him needlessly.  The fact that West appeared before the jury in restraints added nothing that was not already apparent to the jury.  *United States ex rel. Stahl v. Henderson,* 472 F.2d 556, 557 (5th Cir. 1973)[1] (finding no abuse of discretion

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

by the court permitting the use of restraining devices on the defendant in light of security measures in place due to defendant's potential dangerousness). Accordingly, because we see no error, plain or otherwise, we affirm the district court's decision to leave West in restraints during the jury trial.

## II.

Concerning the second issue, we note that a district court has "broad discretion" when dealing with matters of jury misbehavior, including substantial discretion in determining how to investigate any allegations of misconduct and its effects. *United States v. Register*, 182 F.3d 820, 839–40 (11th Cir. 1999). In this case, the record demonstrates that when the jury came in to begin the second day of trial, the district court informed them that a juror had been removed and asked them if the dismissed juror "said or did anything that would prevent the remaining six of you from being fair and impartial in this case." (R. Doc. 213, p. 6.) The jurors indicated that he had not. (*Id.*) The district court then explained how important it was for the parties to receive a fair trial which depended on the jurors remaining openminded and impartial. (*Id.*) The district court then reconfirmed with the jurors that "nothing [the dismissed juror] said or did would have any affect on your ability to be fair and impartial." (*Id.* at 6-7) The jurors indicated that this was so. (*Id.* at 7)

4

After reviewing the record, we conclude that the district court did not abuse its discretion in excusing the misbehaving juror, and in its remarks to the remaining jurors about their ability to remain fair and impartial in considering the case.

### III.

Concerning the third issue, it is noteworthy that a plaintiff in a civil case does not have the constitutional right to counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The district court has broad discretion to decide whether to appoint counsel for an indigent defendant. *Id.* Here, the record shows that West did not need the assistance of counsel. This was a simple, straightforward case involving a single use of alleged excessive force. West ably conducted discovery and capably presented his case at trial. West suffered no prejudice in representing himself without counsel.

For the foregoing reasons, we affirm the district court's judgment entered on the jury's verdict in favor of Temple and Turner.

AFFIRMED.