**MODIFY and AFFIRM; and Opinion Filed February 13, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00043-CR
No. 05-18-00044-CR

**CATERRION DWAYNE BACKUS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-52423-P, F17-52424-P**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Molberg

Caterrion Dwayne Backus was charged in separate indictments with two counts of aggravated robbery. In a consolidated trial, a jury found Backus guilty on both counts. The trial court assessed punishment at life imprisonment on both counts, to run concurrently. Backus appeals his convictions on the sole ground the trial court erred by informing the jury Backus was in custody during trial and did not give a curative instruction, thereby impinging on his presumption of innocence. In a single cross-point, the State requests that we modify the judgment in trial court cause number F17-52424-P to correctly reflect the trial court assessed punishment. We modify the judgment in cause number F17-52424-P, and affirm the trial court's judgments as modified.

# BACKGROUND

As Backus does not challenge the sufficiency of the evidence, we need not address the details of the offenses. *See Green v. State*, 829 S.W.2d 938, 939 (Tex. App.—Fort Worth 1992, no pet.).

Backus was indigent and requested appointment of counsel. The trial court appointed public defender Matthew Seymour to represent Backus. Prior to jury selection on the day of trial, Seymour requested a delay in the proceedings because Backus wanted "more time to hire his own attorney."[1] The State informed the trial court that jail telephone calls to Backus the prior day "indicated the defendant [was] trying to hire an attorney just to buy more time and put off the trial," and the State "[did] not believe it's in good faith that [Backus was] trying to hire an attorney" on the day of trial. The trial court denied Backus' request, and said it would address whether Backus could change counsel mid-trial when Backus actually retained a new attorney.

On the day following jury selection, Seymour informed the trial court outside of the jury's presence that Backus "wish[ed] to retain another counsel," and requested a continuance for Backus to retain counsel "of his choosing." Seymour was ready to proceed with trial, but moved to withdraw as counsel because "[he thought] there [was] an atmosphere of hostility . . . that [was] debilitating." The trial court denied Seymour's motion, and informed Backus that Seymour would continue to represent him.[2] Backus interrupted the proceedings and told the trial court he wanted to "hire another counsel" due to "ineffective counseling." Backus also asked for "the Bar Association's address so [he could] let them know because [he was] having ineffective counsel." After assuring Backus he would be provided the address to the Bar Association, the trial court said,

> [I]f you continue to burst out in court and you act up, then I'll just send you
> back there and we'll try this case without you.

---

[1] The trial court appointed Seymour to represent Backus on February 22, 2017, and trial proceedings began on December 5, 2017.

[2] The trial court also denied a pro se motion to recuse filed by Backus' mother.

Backus continued to argue with the trial judge and responded, "you said it's my right to have my testimony . . . and then you come back and contradict y'alls self." The trial court ruled,

> [R]ight now the ruling is you no longer say a word. You no longer say a word until it's your time to say a word. If you continue to talk, I will put you back in the holdover and we will try this case without you. Would you like to volunteer to go back in the holdover and for us to try this case without you or are you going to sit out here and do what you're supposed to do?"

Backus replied he would "sit out here and do what I'm supposed to do."

After an off-the-record discussion, the trial court stated on the record, "Mr. Backus, you asked me about three minutes ago off the record if you can voluntarily remove yourself from the courtroom; is that correct?" Backus replied, "Yes, ma'am, because you gave me an ultimatum of removing myself or staying. I'm asking, can you remove me and can I have the Bar Association's address?"[3] The trial court asked, "Do you understand, sir, by removing yourself from the courtroom voluntarily, that you will be held back in the holdover and that we will proceed [with] this trial without you?" After complaining to the trial court, "y'all doing everything without me anyway, so it's not going to matter no way," Backus replied, "Yes." Backus told the trial court, "You gave me the ultimatum and I'm making the decision to voluntarily remove myself because I'm having ineffective counseling." The trial court granted Backus' request to voluntarily remove himself from the courtroom during trial. Seymour objected and advised Backus "to remain and be present during and throughout the entirety of the trial." Backus was removed from the courtroom.

The jury returned to the courtroom. After the jury was sworn in, the trial court stated,

> [B]y law the defendant has a right to request not to be in the courtroom during his trial, and [Backus] has requested on the record to be held in the holdover during the trial. So we will proceed without him unless he changes his mind at some point. So everything will go just as if he's sitting in here but I have granted that request because he asked for it.

Seymour did not object to the trial court's statement, and the case proceeded to trial.

---

[3] The trial judge informed Backus she would ensure he received the Bar Association's address.

During a recess in trial, Seymour informed the trial court outside of the jury's presence that Backus requested a plea bargain. Backus returned to the courtroom, and stated on the record that he would plead guilty to the charges in exchange for twenty years' imprisonment. The State rejected Backus' plea offer, as well as Backus' immediate subsequent plea offer of twenty-five years' imprisonment. Backus repeated his complaint to the trial court that he was "trying to hire [sic] my lawyer for ineffective counseling." The trial court acknowledged Backus "wanting Ms. Fox as your attorney" but that "she hadn't even really . . . been retained." Backus continued to argue with the trial court and insist that Seymour was providing "ineffective counsel" and he wanted to hire new counsel. The trial judge stated "[she] had ruled on that," and repeatedly asked Backus if he wanted to remain in the courtroom during trial or return to holdover. After complaining to the trial court, "why am I still here? I mean, it's no point in me–you-all going through trial without me. . . . what's the point," Backus stated, "I'm going back to the holdover," and he was removed from the courtroom.

Before the defense rested and closed, the trial court asked Seymour outside of the jury's presence if Backus "still chooses to remain outside the courtroom." Seymour responded, "Yes." Seymour did not request the trial court to instruct the jury to make no inferences against Backus based upon the trial court's statement that Backus was in holdover, nor did Seymour object to the lack of such an instruction. In his closing argument, Seymour told the jury,

> This is an unusual trial as well. My client was not here in the room. He has a right not to be if he so chooses, and in this case he did. I want you to know and understand that, that is not evidence to be used against him, okay? Everything you heard about this case, it's important, it happened right up here (indicating).
>
> So focus there, focus on the evidence you do have, focus on the State's job, focus on their burden of proof beyond a reasonable doubt and I ask you to return a verdict of not guilty.

The State did not mention Backus' absence from the courtroom during its closing argument. During jury deliberations, the jury did not ask the trial court any questions regarding Backus' absence from the courtroom during trial.

**ANALYSIS**

In his sole issue on appeal, Backus contends the trial court denied him the presumption of innocence by informing the jury that Backus was not present in the courtroom because he had requested to be held in holdover during trial, and failing to sua sponte give the jury a curative instruction. Backus argues he is entitled to a new trial as a result.

The presumption of innocence underlies a criminal defendant's right to a fair trial. *Holbrook v. Flynn*, 475 U.S. 560, 567 (1986) ("Central to the right to a fair trial . . . is the principle that 'one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial'.") (quoting *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978)); TEX. CODE CRIM. PROC. ANN. art. 2.03(b) ("It is the duty of the trial court, the attorney representing the accused, the attorney representing the State and all peace officers to so conduct themselves as to insure a fair trial . . . [and] not impair the presumption of innocence . . ."). Backus does not complain that the trial court violated his presumption of innocence by allowing him to absent himself from the courtroom during trial.[4] He argues only the trial court denied him the presumption of innocence by informing the jury that a defendant has the right to absent himself from the courtroom during trial, Backus "requested on the record to be held

---

[4] A trial court may remove an unruly defendant from the courtroom and continue the trial in his absence unless and until he "promise[s] to conduct himself in a manner befitting an American courtroom." *George v. State*, 446 S.W.3d 490, 502 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Illinois v. Allen*, 397 U.S. 337, 345–46 (1970)). Here, the trial court did not forcibly remove Backus from the courtroom. Rather, the trial judge informed Backus that if he continued to "burst out in court [and] act up" and "continue[d] to talk," he would be placed in holdover, and asked Backus, "[w]ould you like to volunteer to go back in the holdover and for us to try this case without you or [will you] sit out here and do what you're supposed to do?" Backus ultimately chose to voluntarily absent himself from the courtroom and go to holdover during trial.

in the holdover during the trial," and Backus could choose to return to the courtroom at any time. Backus complains the trial court should have given the jury a curative instruction.

Ordinarily, to preserve an error for appellate review, the complaining party must make a timely and specific objection to the trial court. TEX. R. APP. P. 33.1(a); *Estelle v. Williams*, 425 U.S. 510, 512–13 (1976) (holding, when defendant wore jail attire at trial, failure to object in trial court waived complaint for appellate review); *Lantrip v. State*, 336 S.W.3d 343, 351 (Tex. App.—Texarkana 2011, no pet.) (While "[b]eing forced to appear at a jury trial in jail clothes may impinge on a defendant's presumption of innocence," "it is incumbent on the defendant to make a timely objection to the trial court."). Here, Seymour objected to Backus voluntarily removing himself from the courtroom and requesting to be held in holdover during trial. However, Seymour did not object to the trial court's statement to the jury that Backus was not present because he had exercised his right to not be in the courtroom during trial; that he "requested on the record to be held in the holdover" during the proceedings; and that he could return to the courtroom if he "change[d] his mind." Nor did Seymour request a curative instruction or object to the jury charge. Moreover, in closing arguments, Seymour told the jury that Backus had the right to elect to not attend the trial, and Backus' absence from the courtroom during trial "was not evidence to be used against him." Because Backus did not object to the trial court's statement at trial or to the jury charge, he failed to preserve his complaint for appellate review. TEX. R. APP. P. 33.1(a)(1); *Whitten v. State*, 711 S.W.2d 661, 663 (Tex. App.—Tyler 1985, no pet.) (concluding there was no error in defendant standing trial in prison garb where he failed to object to standing trial in prison garb or make a request to trial judge to dress in civilian clothing); s*ee also Matter of D.D.K.*, No. 14-96-00884-CV, 1998 WL 94941, at *1–2 (Tex. App.—Houston [14th Dist.] March 5, 1998, no pet.) (not designated for publication) (juvenile defendant failed to preserve error for appellate review where he failed to object to trial judge's statement alerting jury that he was in custody).

Even if Backus had preserved his issue for appellate review, he has not demonstrated the trial court's statement violated his presumption of innocence. To obtain a reversal based on deprivation of a fair trial, Backus must show the trial court's statement entailed "actual prejudice or inherent prejudice." *Marx v. State*, 953 S.W.2d 321, 329 (Tex. App.—Austin 1997), *aff'd*, 987 S.W.2d 577 (Tex. Crim. App. 1999) (citing *Estes v. Texas*, 381 U.S. 532, 542–43 (1965)). "To constitute reversible error, the trial court's comment must be reasonably calculated to prejudice the defendant's rights." *Young v. State*, 691 S.W.2d 757, 759 (Tex. App.—Texarkana 1985, no pet.) (citing *Smith v. State*, 595 S.W.2d 120 (Tex. Crim. App. 1980); *see also Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi 1996, no pet.); *Brokenberry v. State*, 853 S.W.2d 145, 152 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). In other words, Backus must show the trial court's statement resulted in "such a probability that prejudice [would] result that it is deemed inherently lacking in due process." *Marx*, 953 S.W.2d at 329.

In support of his claim he is entitled to a new trial, Backus compares the trial court's statement to "cases where jurors have seen a defendant either in jail garb or in shackles," and the reviewing court concluded the defendant's presumption of innocence was impinged.[5] However, Backus cites no authority suggesting his presumption of innocence was violated by the trial court's comment that Backus voluntarily absented himself from the courtroom.

Backus was permitted to voluntarily remove himself from the courtroom during trial after he pleaded to the indictment. TEX. CODE CRIM. PROC. ANN. art. 33.03 ("when the defendant voluntarily absents himself after pleading to the indictment . . . or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion"); *Gonzales v. State*, 515 S.W.2d

---

[5] Backus cites to *Estelle v. Williams*, 425 U.S. 501 (1976), *Whitten v. State*, 711 S.W.2d 661 (Tex. App.—Tyler 1985, no pet.), and *Green v. State*, 829 S.W.2d 938 (Tex. App.—Fort Worth 1992, no pet.), in support of his statement, "It is error for the court to advise the jury that the defendant is in custody because it impinges on his presumption of innocence." These cases, however, relate to alleged error arising out of the defendant standing trial in prison garb or being seen by jury members in prison garb.

920, 920–21 (Tex. Crim. App. 1974).[6] Backus repeatedly interrupted the proceedings and argued with the trial judge. The trial court told Backus that if he "continue[d] to burst out in court" and "act up," he would be sent to holdover. The trial court repeatedly asked Backus whether he wanted to stay in the courtroom for trial or go to holdover. Backus voluntarily elected to go to holdover. The trial court asked Backus several times whether he understood that if he voluntarily removed himself from the courtroom, the trial would proceed without him, and whether it was his decision to voluntarily remove himself from the courtroom. Backus confirmed that he understood the trial would proceed without him, and he "[was] making the decision to voluntarily remove [himself]." Before Backus was removed from the courtroom, the trial judge informed him, "if you decide at any point you want to come back and participate, you can."

Before giving its opening instructions, the trial court informed the jury that "by law," Backus had the "right" to absent himself from the courtroom during trial, and he had "requested on the record to be held in holdover during trial." The trial court did not imply or tell the jury that Backus had been forcibly placed in holdover. To the contrary, the trial court's statement explained the reason for Backus' absence from the courtroom, and that he could choose to return to the courtroom during trial. Backus has not shown the trial court's statement was "reasonably calculated to prejudice [Backus'] rights," *see Young*, 691 S.W.2d at 759, and Backus has failed to show his presumption of innocence was impinged. *See Robles v. State*, No. 14-02-01338-CR, 2003 WL 22433830, at *1 (Tex. App.—Houston [14th Dist.] Oct. 28, 2003, pet. stricken) (mem. op., not designated for publication) (appellant failed to show his presumption of innocence was violated by trial court's remark in front of several jurors that he had to stay in custody while everyone else was free to leave courtroom).

---

[6] The record shows Backus pleaded not guilty to the charges prior to voluntarily absenting himself from the courtroom.

Furthermore, the trial court was not required to sua sponte instruct the jury to disregard Backus' absence from the courtroom, because Backus elected to go to holdover as a result of the trial court's admonitions for Backus' repeated disruptions of the proceedings and arguments with the trial judge. *See George v. State*, 446 S.W.3d 490, 503 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (trial court did not err in denying appellant's request for instruction that jury disregard his absence after his own disruptive behavior required his removal from courtroom) ("a defendant may not 'create reversible error by his own manipulation.'").

We resolve Backus' sole issue against him.

### MODIFICATION OF JUDGMENT IN CAUSE NO. F17-52424-P

In a single cross-point, the State contends the judgement in trial court cause number F17-52424-P incorrectly reflects the jury assessed punishment. The State requests that we modify the judgment to reflect that the trial court assessed punishment.

Texas Rule of Appellate Procedure 43.2(b) allows an appellate court to "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b). An appellate court has the power to modify incorrect judgments when the evidence necessary to correct a judgment appears in the record. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Here, the transcript of the sentencing phase of the trial reflects the trial court assessed punishment in the consolidated trial of trial court cause numbers F17-52423-P and F17-52424-P.

We conclude we have the necessary evidence to correct the judgment in trial court cause number F-17-52424-P. Accordingly, we modify the judgment in trial court cause number F17-52424-P to reflect the trial court assessed punishment.

As modified, we affirm the trial court's judgments.


        /Ken Molberg/
        KEN MOLBERG
        JUSTICE


Do Not Publish
TEX. R. APP. P. 47

180043F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CATERRION DWAYNE BACKUS,
Appellant

No. 05-18-00043-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas,
Trial Court Cause Nos. F17-52423-P, F17-52424-P.
Opinion delivered by Justice Molberg, Justices Whitehill and Reichek participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment in trial court cause number F17-52424-P to correctly reflect the trial court assessed punishment, and **AFFIRM** the judgments of the trial court as modified.

Judgment entered this 13th day of February, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CATERRION DWAYNE BACKUS, Appellant

No. 05-18-00044-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas,
Trial Court Cause Nos. F17-52423-P, F17-52424-P.
Opinion delivered by Justice Molberg. Justices Whitehill and Reichek participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment in trial court cause number F17-52424-P to correctly reflect the trial court assessed punishment, and **AFFIRM** the judgments of the trial court as modified.

Judgment entered this 13th day of February, 2019.